RELIANCE LIFE INSURANCE COMPANY *v.* HARDY.

Opinion delivered May 24, 1920.

1.  CONTINUANCE — ILLNESS OF COUNSEL — DISCRETION OF COURT.—A motion to postpone trial on account of illness of defendant's leading counsel is addressed to the discretion of the trial court.

2.  CONTINUANCE — DISCRETION OF COURT.—Where defendant knew that its leading counsel had been sick for several months, and should have anticipated that the services of other counsel might be necessary, it was not an abuse of discretion to refuse to postpone the trial on account of the illness of such leading counsel.

3.  INSURANCE—FORFEITURE FOR NONPAYMENT OF PREMIUM.—Where a life insurance company on the last day of grace for the payment of a premium on a policy had in its hands sufficient funds belonging to insured as a benefit payable to him under another policy, and not otherwise appropriated by insured, it can not not claim a forfeiture of the former policy, as it was its duty to appropriate such funds to prevent a forfeiture.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Milton B. Rose,* for appellant.

1.  At the request of the owner the premiums on the life policy were made payable quarterly instead of annually, and the policy was made payable to the wife (appellee). *No such change was made in the health policy.* The *onus* of establishing the payment of premiums due under the terms of the policy was on the plaintiff, and the evidence shows that the policy had lapsed. It was error

prejudicial to refuse the postponement of the case. 2 Ark. 33; 10 *Id.* 527.

2. The court erred in permitting the introduction in evidence of the policy, 97345-H, as it was not sued on and was irrelevant and immaterial.

3. It was fatal error to give the peremptory instruction for plaintiff. 100 Ark. 71; 105 *Id.* 25. There is no evidence in the record to sustain the action of the trial judge. The proof showed that the policy had lapsed by reason of the failure to pay the quarterly premium due October 3. The burden was on plaintiff to show that deceased, Hardy, applied for reinstatement of his policy on November 10; that he remitted with his application $19.88; that he executed a health certificate reciting only the sickness in August, 1917, and that the company refused to reinstate the policy and returned the remittance within one week and that Hardy cashed the check sent to him. 83 Ark. 575; 75 *Id.* 25. All premiums were payable at the home office or to an agent of the company upon delivery of a receipt signed by the president or secretary of the company and countersigned by such agent. No such receipt is shown to have been given. The defendant's motion for a peremptory instruction should have been given.

*Moore & Vineyard* and *Fink & Dinning,* for appellee.

1. There was no error in refusing the postponement of the trial, as there was no abuse of discretion on the showing made.

2. The court properly instructed a verdict, as the evidence shows that the premium was paid and the policy never lapsed. 111 Ark. 514; 68 *Id.* 505. See, also, 192 Ill. App. 69; 133 Iowa 379; 106 N. W. 947; 156 Iowa 201; 200 S. W. 320; 129 *Id.* 303; 133 N. W. 793; 180 Pa. 360; 163 Ky. 364; 125 Ark. 372; 111 *Id.* 514.

WOOD, J. On July 3, 1916, the appellant issued to Eno D. Hardy two policies of insurance. One was a

life policy and the other a health policy. They were separate instruments and separate contracts, but between the same parties. The health policy was issued for a period of twelve months and was made payable to the insured, and was not assignable, except by the written consent of the company. The life policy was payable to the executors, administrators, assigns, or beneficiaries of the insured. The annual premium on the health policy was $19.50. The annual premium on the life policy was $56.58. On August 9, 1917, at the request of the insured the premiums on the life policy were made payable quarterly instead of annually, and the beneficiary was changed to the insured's wife, Velma Hales Hardy, the appellee.

August 18, 1917, Eno D. Hardy contracted fistula and was confined on account thereof ten days, which entitled him to sick benefits under his health policy in the sum of $20. The claim for this sick benefit was sent in to the company, according to the testimony of the appellee, "some time in July or August." "She was not sure about the date." At any rate there was a delay in paying this claim until November 10, when the company sent Hardy, by letter, check for $20, which he received November 14, 1917, and signed receipt to the company for the amount thereof, dated November 10, 1917. On the same day Hardy applied to the company to reinstate his policies, remitting to appellant, with his application, the sum of $19.88. This application was declined by appellant on November 17, 1917. Appellant on that day returned to Hardy the amount of his remittance, which he accepted.

The quarterly premium due on October 3, 1917, on the life policy was the sum of $19.88. Under the terms of the policy, if this quarterly premium was not paid one month after the same became due, the policy lapsed. If paid on the 3d of October or one month thereafter, then the policy did not lapse, but continued in force until the next quarterly payment, which was due January 3, 1918.

Hardy, the insured, died on the 20th of December, 1917. The appellee instituted this action on the life policy, which was in the sum of $3,000.

The appellant denied liability on the ground that, at the time of Hardy's death, the policy had lapsed, because of the nonpayment of the premium, which in order to keep the policy in force should have been paid on or before November 3, 1917.

The case was called for trial on October 30, 1919. Messrs. Bevens & Mundt had been retained the day before to assist Milton B. Rose, leading attorney for appellant, in the trial of the cause. Appellant, through its assistant counsel, asked for a postponement of the trial until a later day of the term, assigning as a reason that they had not had sufficient time to acquaint themselves with the facts and law of the case and that Milton B. Rose was sick and unable to attend. The court overruled the motion.

The above were the issues and facts developed at the hearing upon which both parties asked for a peremptory instruction. The court granted the prayer of the appellee and instructed the jury to return a verdict in the sum of $3,337.60. Judgment was rendered for the appellee in that sum, from which is this appeal.

Appellant contends that the court erred in overruling its motion for a postponement to a later day in the term on account of the illness of its leading counsel, Milton B. Rose. The certificate of the physician attached to the motion shows that Rose had been ill all the summer. The issue had been made up for more than eighteen months at the time the motion for a postponement was filed. The continued illness of Rose during the summer before the day set for the trial of the cause should have caused the appellant to anticipate that the services of other counsel might be necessary at the trial, and proper diligence on its part would have resulted in the employment of such additional counsel in time for them to have prepared for the trial of the case when the same was called. At least the motion was addressed to

the discretion of the trial court, and we do not discover any abuse of discretion in overruling the motion.

The appellant contends that the undisputed evidence shows that the policy upon which this action was based lapsed and was forfeited on account of the failure of the insured to pay the premium due October 3, 1917, on or before November 3, 1917, the latter date being the last day of grace for the payment of the premium.

Appellant's contention can not be sustained for the reason that the undisputed evidence shows that on November 3, 1917, it had the sum of $20 in its hands belonging to Hardy, which sum exceeded the amount that was then due the appellant for the premium on the policy in suit. It is of no consequence that this fund accrued to Hardy under the provisions of a different policy from that in suit. The policies were issued on the same day and were between the same parties; but, even if that were not true, and if the appellant had in its possession funds belonging to Hardy derived from any source whatsoever, it was the duty of the appellant, in the absence of instructions from Hardy that he desired the use of the funds for some other purpose, to appropriate the same for the payment of his premium when it became due in order thereby to prevent forfeiture of the policy.

The undisputed evidence shows that Hardy was sick in August, 1917, and that his claim for $20 sick benefits which had accrued under his health policy had been sent to the company long prior to October 3, 1917, when the premium was due. Yet the appellant delayed sending him the amount of the sick benefit until after November 3, 1917. If Hardy, after making claim for sick benefit had directed the appellant that he desired the use of this amount for some other purpose than the payment of the premium on his life policy, then appellant would not have been warranted in appropriating the funds in its hands for the payment of the premium. But in the absence of such direction appellant could not hold on to the funds of Hardy until the time for the payment of

the premium had expired and then declare a forfeiture
for the nonpayment of such premium. Since the pay-
ment of the premium was for Hardy's benefit, the pre-
sumption is that he would have consented thereto. But
that matter is not left to presumption, for the undisputed
proof here is that he desired to pay his premium and to
continue his policy.

Hardy, on November 10, 1917, applied for reinstate-
ment and remitted $19.88. On that date he had not yet
received the $20 sick benefit, which reached him on the
14th, and, of course, he could not know whether the com-
pany had allowed his claim for sick benefit and whether
it had applied same for the payment of his premium.
At the time Hardy receipted the company for the sick
benefit fund, the company had not returned to him the
$19.88, which he had remitted to it. This remittance was
not returned to Hardy until the 17th. So there was no
interval from October 3, 1917, until November 14th, when
the company did not have money in its hands of Hardy's
more than sufficient to have paid his premium.

The appellant having kept in its hands money of the
appellee until after time for the payment of Hardy's
premium expired will not be heard to say, in the absence
of affirmative evidence to the contrary, that it had no
right to use this money to pay the premium and thus
prevent a forfeiture of Hardy's policy. In other words,
the effect of the undisputed evidence is to show that the
premium was paid.

The trial court was correct in so holding and in
granting the prayer of appellee for a peremptory in-
struction in her favor. Although there is some differ-
ence in the facts, the case is ruled by the doctrine an-
nounced and the principles applied in *Union Central Life
Ins. Co.* v. *Caldwell,* 68 Ark. 505, where we said: "The
doctrine does not arise out of the peculiar facts of any
particular case. It does not depend upon contract, cus-
tom, or course of dealing for its existence and potency.
It has its origin in that fundamental principle of justice
which will compel one who has funds in his hands be-

longing to another, which may be used, to use such funds, if at all, for the benefit, and not to the injury, of the owner; for his consent to the one and dissent to the other, will be presumed. * * * These principles are founded upon reason and common fairness and honesty, and they will have application wherever it becomes necessary to prevent a forfeiture, which is favored neither at law nor in equity." See also *Nat. Ins. Co.* v. *Mooney,* 111 Ark. 514; *Mutual Life Ins. Co.* v. *Henley,* 125 Ark. 372.

The judgment is correct, and is therefore affirmed.