VANCE v. MYERS. (6 Div. 288.)

(Supreme Court of Alabama. Nov. 5, 1925.)

1. Damages ⊜5—Special circumstances must have been known to party sought to be held liable for special damages.

To bring special damages for breach of contract within contemplation of parties, special circumstances must have been known to the party sought to be made liable at time of contracting in such manner as to make it manifest to him that loss might result from that special state of things.

2. Sales ⊜418(8)—Plaintiff held not entitled to recover special damages where not shown within contemplation of parties.

Plaintiff suing for breach of contract for sale of defendant's business held not entitled to recover special damages, where there was nothing either in pleading or proof showing that such special damages were within the contemplation of the parties at time contract was executed.

3. Evidence ⊜113(8)—Evidence of price property sold for held properly admitted to prove market value.

Defendant, sued for breach of contract for sale of his business, was properly permitted to

prove market value of business by showing sale thereof and amount received immediately following refusal to sell to plaintiff.

**4. Appeal and error**  843(1)—**Plaintiff's assignments of error as to right of recovery not considered where plaintiff recovered judgment.**

Plaintiff's assignments of error. relating only to plaintiff's right of recovery for breach of contract, will not be considered, where plaintiff recovered judgment but complains of its amount.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages for breach of contract by G. C. Vance against G. M. Myers. Plaintiff, being dissatisfied with the judgment in his favor, appeals. Affirmed.

Frank Bainbridge, of Birmingham, for appellant.

Plaintiff should have been permitted to prove special damages. Daugherty v. Am. U. Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; Birmingham W. W. Co. v. Martini, 2 Ala. App. 652, 56 So. 830; Browning v. Fies, 4 Ala. App. 580, 58 So. 931; Bender v. Barton, 182 Ala. 181, 62 So. 732, 8 R. C. L. 495. Evidence as to the price at which the property was sold after breach of the contract was inadmissible. Central of Georgia Ry. Co. v. Isbell, 198 Ala. 469, 73 So. 648.

Thompson & Thompson, William S. Pritchard, and J. D. Higgins, all of Birmingham, for appellee.

The measure of damages for the breach of a contract to convey personal property is the difference between the contract price and the market value of the property at the time and place of delivery. Georgia Cot. O. Co. v. Carlisle Seed Co., 200 Ala. 226, 75 So. 984; Gwin v. Hopkinsville Mill. Co., 190 Ala. 346, 67 So. 382; Ala. Chem. Co. v. Geiss, 143 Ala. 591, 39 So. 255. There were no special damages within the contemplation of the parties. Ala. Chem. Co. v. Geiss, supra.

GARDNER, J. Appellant sued appellee to recover damages for an alleged breach of contract for the sale of defendant's garage business in the city of Birmingham. That there was a breach of this contract was established by the verdict of the jury in plaintiff's favor, but the amount assessed as damages was only one cent, and from the judgment following plaintiff prosecutes this appeal.

The first question presented by counsel for appellant relates to the rulings of the trial court to the effect that the special damages sought to be recovered in some of the counts were not shown to be recoverable, and in limiting the recovery to the difference be-

tween the contract price and the market value of the property at the time and place of delivery. That this is the general rule as to the measure of damages in cases of this character is not questioned by appellant's counsel. Ga. Cotton Oil Co. v. Carlisle, 200 Ala. 226, 75 So. 984.

[1] It is. insisted, however, that the damages claimed which were eliminated by the court's rulings were special damages, to be considered as within the contemplation of the parties at the time the contract was entered into. These special damages relate principally, it seems, to trouble, inconvenience, and expense of plaintiff in procuring the money for the first payment. Defendant was not charged with any knowledge thereof either in the pleading or the proof. Upon this question, the following, here pertinent. was quoted with approval in Ala. Chem. Co. v. Geiss, 143 Ala. 591, 39 So. 255:

"Doubtless it is essential, in order to bring within the contemplation of the parties, damages different from and larger in amount than those which usually ensue, that the special circumstances out of which they naturally proceed shall have been known to the party sought to be made liable in such a manner, at the time of contracting, as to make it manifest to him that if compensation in case of breach on his part is accorded for actual loss it must be for a loss resulting from that special state of things which those circumstances portended."

[2] In the case here presented, however, we find nothing either in the pleading or the proof indicating anything other than an ordinary sale of a business concern; no special circumstances being alleged or shown as indicating to defendant a liability for the special damages claimed in the event of a breach of the contract. Or to state the matter differently and more briefly, there is nothing to show that these matters of special damage were within the contemplation of the parties at the time of the execution of the contract. We conclude therefore that the case is not brought within the exception to the general rule as to the measure of damages, and that no reversible error is presented in these rulings.

[3] The contract price agreed upon between the parties to this suit was $3,000, payable partly in cash, with deferred payments for the remainder. Plaintiff insisted the property was worth on the open market at that time $6,000, while defendant's evidence was to the effect it was not worth exceeding $2,000.

Defendant was permitted to show, over plaintiff's objection, that immediately following his refusal to sell to plaintiff he sold the identical property to one Buteras for $2,750 cash, and this is assigned for error.

"Market value is simply the potential patronage of buyers expressed in terms of money; and,

so far as relevancy is concerned, the selling value of other similar articles is some evidence of value, provided the conditions are substantially the same." 1 Greenleaf on Ev. (16th Ed.) p. 91.

See, also, authorities cited in Ala. Power Co. v. Sides, 212 Ala. 687, 103 So. 859. We find no error in this ruling of the court.

[4] Plaintiff recovered a judgment against the defendant, and, as the questions presented in assignments of error 23 to 27 bear relation only to the right of recovery, their consideration may be pretermitted, as only those rulings affecting the quantum of damages are necessary for determination under these circumstances. Fike v. Stratton, 174 Ala. 541, 56 So. 929; 1 Michie Dig. p. 559.

No reversible error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.