(114 So. 907)

### DAVISON v. THE MACCABEES.
### (1 Div. 455.)

Supreme Court of Alabama.    Dec. 22, 1927.

1. Insurance ☞730½—Complaint alleging loss by lapse of fraternal life policy, caused by refusal to pay sick benefits under another policy as damage, held demurrable.

In action for breach of contract to pay sick benefits under fraternal policy, complaint alleging as damages that such failure prevented plaintiff from keeping up life insurance policy in same company, and prevented him from taking advantage of disability clause therein, *held* demurrable, regardless of rule that proper method to exclude unrecoverable damages is by motion to strike, objection to evidence, or appropriate instruction to jury.

2. Insurance ☞730½—Fraternal insurance company, disputing claim for sick benefits, held not liable for not applying them to pay life insurance premiums.

Where fraternal insurance company disputed liability on sick benefit policy, it cannot be held chargeable with funds in its hands belonging to insured, which should have been applied to premiums due on life insurance policy alleged to have lapsed through insured's inability to keep it up, so as to be entitled to take advantage of surrender clause therein on his disability.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action for breach of contract by Jerry S. Davison against The Maccabees. Plaintiff takes a nonsuit, and appeals from an adverse ruling, sustaining a demurrer to the complaint. Affirmed.

Alex T. Howard, of Mobile, for appellant.

Where the insurance company has in its hands a fund due and payable to the insured, before the date upon which his premium becomes due, the company should apply such fund if necessary to avoid a forfeiture. 32 C. J. 1308; Amer. Nat. Ins. Co. v. Mooney, 111 Ark. 514, 164 S. W. 276; Reliance Life Ins. Co. v. Hardy, 144 Ark. 190, 222 S. W. 12; Union Central v. Caldwell, 68 Ark. 505, 58 S. W. 355; Citizens' Life Ins. Co. v. Boyle, 139 Ky. 1, 129 S. W. 303. The damages which followed the breach of the defendant's agreement to pay sick benefits, viz. inability of plaintiff to keep up his life insurance, were well within the contemplation of the defendant. 17 C. J. 749. The proper attack upon damages claimed is not by demurrer, but by motion to strike. Morgan v. Whatley, 205 Ala. 170, 87 So. 846.

C. H. Roquemore, of Montgomery, for appellee.

Damages recoverable for a breach of contract must be those which naturally and proximately flow from the breach, and must be such as sensible parties would contemplate as the result of a breach. West. Union v. Stewart, 16 Ala. App. 502, 79 So. 200; Southern Ry. v. Coleman, 153 Ala. 266, 44 So. 837; Dickerson v. Finley, 158 Ala. 149, 48 So. 548; West. Union v. McMorris, 158 Ala. 563, 48 So. 349, 132 Am. St. Rep. 46.

GARDNER, J. [1] Suit by appellant against appellee, a fraternal corporation, to recover damages for breach of contract. Demurrer to the complaint having been sustained, plaintiff suffered a nonsuit, and prosecutes this appeal for a review of the ruling on the demurrer.

Plaintiff held with defendant two policies of insurance, a life policy, and the other a sick benefit policy. In the life policy it was stipulated that, if insured (plaintiff) should become totally disabled, he would be entitled, under the conditions therein set forth, to surrender his policy, and obtain one-half the amount thereof. The complaint shows that plaintiff became sick, and subsequently totally disabled to such extent as that he could have qualified under the conditions of the life policy for a surrender thereof, and received $1,500, which represented one-half the amount thereof; that, when plaintiff became sick, the defendant wrongfully failed and refused to pay him the sum of $70 per month due him for sick benefits, and that he was,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thereby rendered unable to keep up his life insurance policy, and therefore prevented from taking advantage of the clause in said policy to which reference has just been made.

The suit is for a breach of contract as to the payment of sick benefits under that particular policy, and the demurrer takes the point that the damages for recovery of which this action is brought were not such as may be reasonably supposed to have been within the contemplation of the parties at the time of its execution, and are not recoverable. The trial court evidently accepted this view in sustaining the demurrer, and we think correctly so.

The question is elaborately considered in Southern R. Co. v. Coleman, 153 Ala. 266, 44 So. 837, where the rule is stated in the following language:

"The broad general rule is that a party injured by a breach of contract or breach of duty is entitled to recover all his damages, including gains prevented as well as losses sustained, subject to two conditions: The damages must be such as may be fairly supposed to have entered into the contemplation of the parties when they made the contract, or when the duty was assumed or imposed—that is, the damages must be such as might be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed."

The principle here recognized has found frequent application in our decisions. Samuels v. Scott, 212 Ala. 679, 103 So. 848; Vance v. Myers, 213 Ala. 660, 106 So. 142; Southern R. Co. v. Moody, 169 Ala. 292, 53 So. 1016.

Construing the complaint most strongly against the plaintiff, as the rule requires, the two policies were separate and distinct, and without reference of the one to the other. There is no averment indicating any contemplation of the parties that a breach of the one would result in a forfeiture or lapse of the other, and we think it clear the damages here sought to be recovered are not such as may be said to flow naturally and directly from the breach. They do not come within the rule of the above-cited authorities, and the trial court correctly so ruled.

We are mindful of the rule that, where unrecoverable damages are sought, the proper method for their exclusion is not by demurrer, but by motion to strike and objection to evidence, or appropriate instruction to the jury (Morgan v. Whatley, 205 Ala. 170, 87 So. 846), and we intend no infringement upon that rule. We are of the opinion, however, this rule of procedure is without application in a case as here presented, where the only damages sought are such as cannot be held to have been in contemplation of the parties, and, therefore, unrecoverable, and where, indeed, the question is determinative of plaintiff's entire cause of action, and incapable of amendment without a departure from the facts stated. In such case the demurrer properly takes the point.

[2] Counsel for appellant urges the further theory that the amount due plaintiff under the sick benefit policy, which defendant wrongfully failed and refused to pay, was sufficient to have kept up the life policy, and should be held to have been so applied. The argument rests upon the assumption that defendant had in its hands sufficient funds to pay the life policy premiums, and that the duty rested upon it so to apply these funds. Upon this latter question as to the duty of application without direction or contract to that effect, there is diversity of opinion. Mutual Fire Ins. Co. v. Miller Lodge, 58 Md. 463; Wheeler v. Mut. Life Ins. Co., 82 N. Y. 543, 37 Am. Rep. 594; 32 C. J. 1308; Reliance Life Ins. Co. v. Hardy, 144 Ark. 190, 222 S. W. 12; Union Cent. Life Ins. Co. v. Caldwell, 68 Ark. 505, 58 S. W. 355. But we do not reach a consideration of this latter question. In the authorities cited by appellant there were funds in the hands of the insurance company admittedly belonging to the insured, and either by contract or custom the application to premium payments had been made. Citizens' Life Ins. Co. v. Boyle, 139 Ky. 1, 129 S. W. 303; Reliance Life Ins. Co. v. Hardy, supra; Union Cent. Life Ins. Co. v. Caldwell, supra. These authorities have been carefully read and considered in the light of argument of counsel for appellant, but they are readily distinguishable from the instant case. Here plaintiff at most has a disputed claim against defendant on the sick benefit policy. It cannot be said, in view of the contested issue thus presented, that defendant has funds of plaintiff's in his hands. He has a right of action only as to which he insists defendant wrongfully refuses to pay, but nothing more.

Counsel for appellant has expressed a desire that the meritorious questions presented be here determined, and we have discussed this latter insistence in response to such suggestion. As a matter of strict pleading, however, we entertain serious doubt that it is here presented. This insistence is in effect that the life policy premium was paid, and, if so, then the proper procedure would appear to be a suit upon that policy for a recovery of the amount claimed, and not a suit for a breach of the sick benefit policy. But, however that may be, we conclude plaintiff's complaint is insufficient to show a right of recovery, and that the demurrer was properly sustained.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.