7 So.2d 856

### CONNER v. FOREGGER.

### 5 Div. 342.

Supreme Court of Alabama.

Jan. 22, 1942.

Wm. M. Russell and Powell & Powell, all of Tuskegee, for appellant.

Wm. C. Hare, of Tuskegee, and Denson & Denson and L. J. Tyner, all of Opelika, for appellee.

BOULDIN, Justice.

A little boy, four years of age, was killed on a public highway by a passing automobile. Suit was brought under the homicide statute, Code 1940, Tit. 7, § 123. The complainant charged negligence on the part of the motorist, in the operation of the car, as the proximate cause of the child's death. On the trial the jury returned a verdict for defendant.

A motion for new trial upon the ground that the verdict was opposed to the great weight of the evidence was overruled.

This ruling is assigned as error, and presents the question most pressed on this appeal.

Negligence, in such cases, is want of ordinary care; the doing of what a person of ordinary prudence would not do, or the failure to do what a person of ordinary prudence would do under like conditions or circumstances, which act or omission proximately causes the result complained of. The circumstances of each case dictate the course of conduct demanded by ordinary care.

Some circumstances may be said to be present in all such cases; among them the fact that the vehicle is an automobile.

It is designed for comfort and speed in travel. But incident thereto is momentum, a resultant of weight and speed.

The danger to life and limb from its operation on the highways enters into the question of ordinary care. The operator is wanting in ordinary care if he is not capable of operating same with ordinary prudence. Questions of reasonable speed, proper lookout, and preventive action when a child of tender years suddenly appears on the highway, turn on the facts of the particular case. The test is what care would a man of ordinary prudence have exercised under the circumstances. Clark v. Farmer, 229 Ala. 596, 599, 159 So. 47, and authorities cited.

The defendant had motored from Atlanta, Georgia. The accident occurred on Auburn-Tuskegee Highway, as he approached and entered the outskirts of Tuskegee. He had not reached any speed limit zone. Clearly the little boy attempted to run across the highway in front of the approaching car. Strong testimony tends to show he was with larger boys when first appearing on the highway; the larger boys, seeing imminent danger, stopped or drew back after starting across. There were several eyewitnesses; others were on the ground very quickly. A detailed statement of the testimony would serve no good purpose. There was the usual divergence in the evidence of speed, in the distance and the exact location of skid marks on the road, as well as the precise point of the collision.

Suffice to say the questions of ordinary care in the matter of speed, in the discovery of peril, and in the preventive measures taken in emergency, were all for the jury.

Upon full consideration we are of opinion the evidence fully supported the verdict of the jury.

The other questions for review relate to written charges given at the request of defendant, numbered 4, 14, 19, 10, 11, 12, and unnumbered charges, which we designate a and b.

The criticism of charge 4 is that it predicates non-liability on inability to avoid the injury after the child "darts in front of the machine," and ignores evidence of initial negligence, such as excessive speed. We think the charge has a misleading tendency in this regard, and could well have been refused.

However, "otherwise avoid the injury" is quite inclusive, and may refer to all elements of the situation at the moment, and so negative all negligence.

Charge "b" deals with the same subject, and serves to clarify misleading tendencies of charge 4. We have often declared the general rule that giving a misleading charge or charges is not ground for reversal. An explanatory charge should be requested.

Charge 10 was a "mere accident" charge. In Smith v. Baggett, 218 Ala. 227, 118 So. 283, our former decisions dealing with such charges were reviewed, and the rule declared by the full court that neither the giving nor the refusal of such charge is reversible error. This ruling has been frequently followed and reaffirmed. Loreno v. Ross, 222 Ala. 567, 133 So. 251; Alabama Produce Co. v. Smith, 224 Ala. 688, 141 So. 674; Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Mobile & O. R. Co. v. Williams, 226 Ala. 541, 147 So. 819; Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729; Alabama By-Products Corporation et al. v. Rutherford, 239 Ala. 413, 195 So. 210.

Because of tendency to confuse and mislead, the better practice is to refuse such charge. Authorities, supra.

The other charges complained of on appeal are correct statements of the law applicable to the case in varying terminology. No further comment need be made thereon.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.