# Rasco et al. v. Jefferson.

## Action for Breach of Constable's Bond.

1. *Pleading and practice; statute of limitations.*—While as a general rule, if issue is joined on an immaterial plea, and its averments are proved, the defendant is entitled to the general affirmative charge, still if the defendant pleads that the cause of action is barred by the statute of limitations for one year, upon which plea issue is joined, and the cause of action is not such as is barred in one year, the defendant is not entitled to the general affirmative charge ,although the suit was not brought until more than a year after the cause of action arose.—(*Nashville, Chattanooga & St. Louis Ry. Co. v. Parker,* 123 Ala. 633, overruled.)

2. *Action upon constable's bond; sufficiency of complaint.*—In an action to recover damages for the breach of a constable's bond where the complainant avers a breach of the bond by levying on and selling personal property which was not the property of the defendant in execution, but belonged to the plaintiff, and for which breach the plaintiff claims a certain named amount as damages, such complaint states a substantial cause of action, although it may fail to particularize the property so levied upon; such defect being the subject of demurrer.

3. *Evidence; ownership of personal property may be testified to.* The ownership of personal property is a fact to which a witness may testify.

4. *Action upon constable's bond; admissibility of evidence.*—In an action brought by a married woman to recover damages for the breach of a constable's band, by reason of the constable levying an execution upon her property as the property of her husband, who was the defendant in execution, a statement made by the plaintiff at the time of the levy upon such property that she told the constable to look at her 12 babies, is incompetent, and should be excluded upon objection.

5. *Trial and its incident; remarks of attorney.*—In an action to recover damages for the breach of a constable's bond, in that the constable levied an execution upon property of the plaintiff, who was a married woman, as the property of her husband, who was the defendant in execution, where there was some evidence introduced tending to show that the husband

45c

[Rasco *et al.* v. Jefferson.]

of the plaintiff had made the statement that the property levied upon was his, the attorney for the plaintiff in his argument to the jury does not transcend the limits of legitimate argument when he says to the jury that he will leave it to them to say "whether or not it is not the custom for a man to speak of his wife's property as his property?"

6. *Action for breach of bond; sufficiency of plea.*—In an action against a constable and the sureties on his official bond, to recover damages for the breach of said bond, in that the constable levied an execution issued upon a judgment against another party upon the property of the plaintiff, where in the complaint it is averred that before the levy of said execution, the plaintiff notified the constable that said property belonged to her, a plea is insufficient and subject to demurrer which avers that on one or more occasions the plaintiff had stated to the constable that the property afterwards levied on by him was the property of the defendant in execution, and that therefore she was estopped to deny said execution; since such plea does not aver that said statements were made after the levy of the execution.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellee, Catherine Jefferson, against the appellants, W. P. Rasco and the sureties on his official bond, and sought to recover for the breach of said bond by reason of the defendant, W. P. Rasco, levying an execution issued upon a judgment recovered against the plaintiff's husband, Bab Jefferson, upon property belonging to the plaintiff.

The complaint as filed contained two counts. The first count sought to recover $300 damages for the breach of the official bond to said W. P. Rasco, and set out said bond *in haec verba*, and then averred that the bond was breached by reason of the defendants Rasco as constable levying an execution issued on a judgment issued against Bab Jefferson upon personal property belonging to the plaintiff, without setting out, or in any way describing the property so levied upon. The second count was substantially the same as the first count, with the exception that it did not set out the bond at length. In each of the counts it was averred that the defendant Rasco levied the execution upon the property involved in

the controversy after being notified by the plaintiff that it was not the property of the defendant in execution, but was the property of the plaintiff.

The defendants pleaded the general issue, and "that the cause of action is barred by the statute of limitations of one year;" and two special pleas designated B. and C. In plea B the defendant averred that the plaintiff on one or more occasions stated to the defendant Rasco that the property afterwards levied upon by him as such constable was the property of the said defendant in execution, and that therefore the plaintiff was estopped to allege that the property so levied upon by said Rasco as constable and sold under the execution was her property. To this plea the plaintiff demurred upon the ground that, said plea shows on its face that the statements alleged to have been made by the plaintiff were made before the levy of the execution, and because the plea fails to aver that the said Rasco was not notified by the plaintiff before the sale that the property was the property of the plaintiff. This demurrer was sustained, and the plea was amended so as to aver that such statements were made by the plaintiff after the levy of the execution upon the property in question.

To this plea as amended, the plaintiff filed a replication, in which she averred that after having made the statements set up in said plea that the property could be sold, she notified said Rasco not to sell said property, and appeared at the sale and forbade said sale. Issue was joined upon replication to this plea, and also upon the plea of the general issue, and the plea of the statute of limitations.

On the trial of the case, it was shown that upon a judgment recovered in justice of the peace court against the husband of the plaintiff, execution was issued and put in the hands of the defendant Rasco as constable; that he levied said execution upon certain cows. The evidence for the plaintiff tended to show that the cows levied upon were her property, while the defendant introduced evidence tending to show that the defendant in execution had stated on several occasions that the cows levied upon belonged to him.

During the examination of the plaintiff as a witness she testified that she told the defendant Rasco that the property which he levied upon and subsequently sold was hers, and not to take said property; she then testified that "I told him to look at by twelve babies." The defendant moved to exclude this statement upon the ground that it called for irrelevant, immaterial and incompetent evidence. The court overruled the motion and the defendants duly excepted.

The defendant as a witness in his own behalf, testified that he levied the execution upon the property in controversy, and he was then asked by the defendants the following question: "Whose property was that?" The plaintiff objected to this question upon the ground that the ownership of the property was to be determined by the jury, and the question called for the conclusion of the witness. The court sustained the objection, and to this ruling the defendant duly excepted.

During the arguments of the plaintiff's attorney to the jury, he used the following language: "I leave it for you to say, gentlemen of the jury, whether or not it is not the custom for a man to speak of his wife's property as his property?" The defendants objected to this statement, and moved the court to exclude the same upon the ground that it was illegal argument, and that there was no evidence of such a custom. The court overruled the objection and motion, and to this ruling the defendants duly excepted.

Upon the introduction of all the evidence, the defendants requested the court to give, among others, the general affirmative charge in their behalf, and duly excepted to the court's refusal to give the same as asked.

THOMAS E. KNIGHT, for appellants.—That the court erred in refusing to give the general affirmative charge requested in writing by the defendants is too plain to need argument, or citation of authority, to support the proposition. Both charges 1 and 2 directed a verdict for the defendants, if the jury believed all the evidence. Plea No. 2 setting up the defense of the statute of limitations of one year constituted one of the defenses in this case.

[Rasco *et al.* v. Jefferson.]

Whether this plea presented a material, or immaterial, sufficient or insufficient, false or true, issue, is now of no moment. Parties may elect to try their causes on any issues that may suit their fancy. The evidence without conflict established the fact that the cause of action arose more than twelve months before the institution of the suit. The plea was proved without conflict. The court should have so instructed the jury, having been requested to charge the jury that if they believe the evidence they must find a verdict for the defendants.—*McGhee v. Reynolds*, 117 Ala. 413; *Taylor v. Smith*, 104 Ala. 537; *Breitling v. Meyer*, 123 Ala. 222, (on this point Breitling's case is not overruled.) *Wilke v. Johnson Laboratories*, 132 Ala. 268; *Williams v. McKissack*, 125 Ala. 544; *Bomer v. Rosser*, 123 Ala. 641; *Glass v. Meyer Son & Co.*, 124 Ala. 332; *Mudge v. Treat*, 57 Ala. 1.

DEGRAFFENREID & EVINS, *contra.*

ANDERSON, J.—The defendants requested, in writing, the general affirmative charge, which was refused, and the refusal of which is here assigned as error. The record discloses the filing of four pleas by defendants, the second plea being the statute of limitation of one year, and the plaintiff took issue thereon.

The proof shows that the cows were sold not later than December, 1899, and that the suit was not brought until March 15th, 1901, more than a year after that date.

The court has often held that when issue is joined on an immaterial plea and its averments are proved, the defendant is entitled to the general charge.—*McGhee & Fisk v. Reynolds*, 117 Ala. 413; *Taylor v. Smith*, 104 Ala. 538; *Lewis v. Simon & Co.*, 101 Ala. 546.

We hold, however, that the plea in this case was not proven. It is as follows: "That the cause of action is barred by the statute of limitation of one year," and is substantially in the Code form. As a matter of law, this action cannot be barred in one year, hence this plea must fall, although the suit was not brought until more than a year after the cause of action arose. Overruling *Nashville, Chattanooga & St. Louis Ry. v. Parker*, 123 Ala. 683.

[Rasco *et al.* v. Jefferson.]

Counsel for appellants contends that the complaint in this case is insufficient to support any kind of a judgment. We cannot agree with him in his contention. The complaint avers a breach of the bond by levying on and selling personal property, which makes out a cause of action when coupled with the claim of $300.00 as damages. If the complaint fails to particularize the property or is otherwise vague and indefinite, the defect should be raised by demurrer, as it is only a complaint that fails to set out a cause of action, that can be reached by the general affirmative charge, not one that is vague and indefinite.

The defendant should have been permitted to ask witness Rasco, "Whose property was that?" Ownership of personal property is a fact to which a witness may testify.—*Steiner Bros. & Co. v. Tranum,* 98 Ala. 315; *Daffron v. Crump,* 69 Ala. 77; *Nelson v. Iverson,* 24 Ala. 9.

The court erred in not excluding the testimony of the plaintiff, "I told him to look at my twelve babies." It was not material to the issue before the jury and was highly prejudicial to the defendants, as it was calculated to arouse the sympathy of the jury in favor of the plaintiff.

The trial court did not err in refusing to exclude remarks of plaintiff's counsel, or in sustaining the demurrer to the defendant's plea.

Reversed and remanded.

McClellan, C. J., Haralson, Tyson, Dowdell, Simpson and Denson, J.J., concurring.