(85 South. 40)

## SLOSS–SCHEFFIELD STEEL & IRON CO. v. GARDNER. (6 Div. 643.)

(Court of Appeals of Alabama. Jan. 13, 1920. Rehearing Denied Feb. 10, 1920.)

1. EVIDENCE ⬩155(6)—EVIDENCE ADMISSIBLE BECAUSE OF ADMISSION OF OTHER EVIDENCE.

While parties should be confined to the rules of evidence, yet, where one party has been permitted to introduce evidence of conclusions of witness, the other party is entitled to introduce similar testimony and his adversary cannot complain.

2. MASTER AND SERVANT ⬩315—INDEPENDENT CONTRACTOR'S EMPLOYER NOT LIABLE FOR INJURY TO CONTRACTOR'S EMPLOYÉ.

A master employing an independent contractor is not liable for injury to an employé

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 65 Hun, 621.

of the independent contractor who was under his direction and control at the time of the injury.

3. MASTER AND SERVANT ⬳316(1) — INDEPENDENT CONTRACTOR HELD CORRECTLY DEFINED BY INSTRUCTION.

A charge that, if defendant mine owner reserved no right to interfere with the details of the work of one having a contract for taking out ore, but only required it to be done so as to conform to the general plans, then defendant was not responsible for injuries to a worker in the mine resulting from the contractor's negligence, was correct.

4. MASTER AND SERVANT ⬳316(1)—INSTRUCTION DEFINING INDEPENDENT CONTRACTOR CORRECT.

A requested charge that, if the contractor taking out ore under whom plaintiff was working bore such contractual relation to defendant mine owner that he was subject to control only as to the result of his work, he was an independent contractor, and defendant would not be liable, *held* correct.

5. MASTER AND SERVANT ⬳284(2)—RELATION HELD QUESTION FOR JURY.

In an action against a mine owner for injuries, the question whether plaintiff was working for defendant or an independent contractor *held* for the jury.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Gilbert Gardner against the Sloss-Sheffield Steel & Iron Company for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gilbert Gardner along with others was a mucker loading ore on cars at a mine called Sloss mine, and with some others was hit by flying rocks from a shot on the slope. Gardner's arm was injured severely by one of the rocks, while the others escaped injury. The evidence tended to show that one Lon Tyler had charge of the job; that the company furnished the machinery and paid the men charging the same to Tyler. The witness Tyler testified that he had a contract with the Sloss people driving slope at the mines and was paid by the yard for moving the ore out; that he turned time into the company and they took care of paying the hands according to the time he turned in and paid the balance to him; that he hired and fired the men, paid for the powder and fuses, picks, and shovels; and that the company furnished the cars and drilling machinery, he keeping the drills up and repairing the machinery, directing the method and place of work, and telling the men what to do and how to do it.

Tillman, Bradley & Morrow and J. A. Simpson, all of Birmingham, for appellant.

Where the court permits the introduction of illegal evidence by one party, the other party may rebut the same. 36 Ala. 120. The charges requested should have been given. 177 Ala. 406, 59 South. 255; 194 Ala. 175, 69 South. 601; ante, p. 22, 81 South. 358; 97 Ala. 181, 12 South. 103; 183 Ala. 118, 62 South. 721; 191 Ala. 494, 67 South. 697; 161 Ala. 395, 49 South. 674.

Mathews & Mathews, of Bessemer, for appellee.

It is competent to show that the ore was being mined for the defendant company. 170 Ala. 544, 54 South. 48, Ann. Cas. 1912D, 815; 172 Ala. 516, 55 South. 785. Tyler was an employee of the company. 200 Ala. 204, 75 South. 962; 203 Ala. 70, 82 South. 31; 161 Ala. 418, 49 South. 685; 202 Ala. 344, 80 South. 426.

SAMFORD, J. [1] Where testimony is immaterial to the issues involved in the trial of a case, it is not always easy of ascertainment, whether its admission constitutes prejudicial error. The same is true where witnesses are permitted to testify to conclusions. Where the detail facts are all testified to, by the witness testifying to the conclusion, the court can usually determine whether rule 45[1] should be applied or not, but the safe rule, in the trial of all cases, is to confine both parties to the rules of evidence requiring the statement of facts and not conclusions. Where, however, one party has been permitted to introduce evidence of conclusions, the other party is entitled to rebut in like manner with testimony as to contra conclusions; when plaintiff, over the objection of defendant has introduced illegal testimony, he cannot be heard to object to its rebuttal in kind. Clement v. Cureton, 36 Ala. 120.

[2-4] This court, in the case of New Farley National Bank v. Montgomery County, 85 South. 31,[2] has declared what it conceives to be a correct statement of what it takes to constitute an independent contractor, and in that case has collated the line of decisions bearing on that question, and in Coal City Mining Co. v. Davis, 81 South. 358,[3] this court, following a line of authorities there cited, held that:

"A master employing an independent contractor is not liable for an injury to an employé of the independent contractor who was under the direction and control of the independent contractor at the time of the injury."

In line with these authorities the defendant asked in writing charge 16, as follows:

"(16) The court charges you that, if you are reasonably satisfied from the evidence that Mr. Lon Tyler had a contract with the defendant for the purpose of taking out ore, and was an independent contractor in the sense that defendant reserved no right to interfere with the details of Tyler's work, but only to require

this to be done by Tyler and those under him whom he had employed, so as to conform to the general plans of the mine and mining rules, then the court charges you that the defendant would not be responsible to plaintiff for injuries resulting from the negligence of said Tyler, if you believe he was negligent."

And charge 6, as follows:

"(6) The court charges you that, if you are reasonably satisfied from the evidence that the man under whom plaintiff was working when hurt, viz. Lon Tyler, bore such a contractual relation to the defendant company that he was subject to the control of the defendant company only as to the result of his work, and not as to the means and agencies by which it was accomplished, in that event said Lon Tyler was an independent contractor, and the defendant would not be liable in this case."

Charge 16 was held to be good in Porter v. T. C. & I. Co., 177 Ala. 406, 59 South. 255, and we are of the opinion that charge 6 asserts a correct proposition. Harris v. McNamara, 97 Ala. 181, 12 South. 103. There was evidence from which the jury might conclude that plaintiff was injured while working for an independent contractor and was under the direction and control of such contractor at the time of the injury. If this was so, the defendant was not liable in this case, and the jury should have been so instructed. The charges were neither argumentative, misleading, nor abstract, and the refusal to give them as requested was error.

[5] Under the facts in this case, as in the case of Coal City Mining Co. v. Davis, supra, it was a question for the jury to say whether Lon Tyler, the employer of plaintiff, was an independent contractor, or whether the arrangement between the defendant and Tyler was a mere subterfuge, to cover a real contract of hire, whereby Tyler was in reality defendant's superintendent.

It is unnecessary, we think, to pass upon the other assignments of error; the foregoing being sufficient to guide the circuit court on another trial.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.