(124 So. 208)

**GASTON v. McDONALD.** (3 Div. 900.)

Supreme Court of Alabama. June 20, 1929.

Rehearing Denied Oct. 31, 1929.

156

Hybart & Dickey, of Evergreen, for appellant.

Jones & Jones, of Evergreen, for appellee.

THOMAS, J. ■ The question of possession, and that of title to the personal property under the contract of sale, and that of modification of the original contract, were material facts for the determination of the jury. Sovereign Camp W. O. W. v. Hoomes, 219 Ala. 560, 122 So. 686.

■ Under proper issues and conditions of the evidence, a witness should be permitted

to testify of possession. Steed v. Knowles, 97 Ala. 573, 12 So. 75; Davis v. Reed, 211 Ala. 207, 100 So. 226; Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466; of the ownership of personal property, Dickey v. Vaughn, 198 Ala. 283, 73 So. 507; Steiner v. Tranum, 98 Ala. 315, 13 So. 365; Daffon v. Crump, 69 Ala. 77; Rasco v. Jefferson, 142 Ala. 705, 38 So. 246; Hunnicutt v. Higginbotham, 138 Ala. 472, 35 So. 469, 100 Am. St. Rep. 45; Nelson v. Iverson, 24 Ala. 9, 60 Am. Dec. 442; or that an agreement was made, Anderson v. Snow & Co., 9 Ala. 247; and state the terms of such agreement if resting in parol, Woodstock Iron Co. v. Reed, 84 Ala. 493, 4 So. 369; and not to state the legal effect of a written instrument, Shorter v. Sheppard, 33 Ala. 648; Sovereign Camp W. O. W. v. Hoomes, 219 Ala. 560, 122 So. 686.

▓ Appellant contends that the witness Leotis Gaston should have been permitted to answer the question, "Were you in possession of the truck at the time this suit was commenced?" and insists that the court erred in sustaining plaintiff's objection to said question. This evidence was inadmissible in behalf of defendant, Charles C. Gaston, as said defendant was estopped to deny possession of the property at the commencement of the suit, since he had filed a plea of the general issue, and had theretofore executed a replevin bond for the property, and had taken possession of same. Sections 7404, 7405, Code of 1928; Kirkland v. Eford, 205 Ala. 72, 87 So. 364; Industrial Finance Corporation v. Holcomb Motor Co., 215 Ala. 473, 110 So. 907.

▓ The witnesses, including the defendant, testified that the purpose of appellee, Boling, and Darby in going to see appellant (Gaston), was to ascertain from him if it was satisfactory with Gaston for Darby to trade the truck and trailer to appellee and Boling for the ox team in question. The weight of the evidence shows that the exchange of property was satisfactory with Gaston, and the trade was thereafter consummated; the conflict in the evidence being that Gaston contends that he retained the title to said truck and trailer until paid for, as per the written contract, and relied on that instrument offered in evidence to prove this; and said appellant testifies that it was the contract of sale drawn to express the terms of the agreement between himself, for Leotis Gaston, and R. M. Darby. It is insisted, on the other hand, that there is nothing in the instrument showing a retention of the title. And an examination of the writing discloses that it may be lacking in the usual provisions of a title retention contract and is somewhat in the nature of a bill of sale, with a memorandum of payments. However, when the paper is considered in the light of the evidence of subsequent agreements of parties relating thereto, or interpretations of the meager terms of that instrument by the parties, it was intended as security for the balance of the purchase money. And as between the parties there may be retention of title by parol, section 6898, Code; L. & N. R. Co. v. Miller, 209 Ala. 378, 96 So. 322; and security that may be foreclosed without power of sale under sections 9011, 9012, Code, Fellows et al. v. Burkett, 219 Ala. 601, 122 So. 808.

▓ There was no error in the refusal of the question as to witness seeing Mr. Gaston. If the question had been properly framed, there would have been no error in sustaining objection thereto, since the subsequent examination of this witness, and the other witnesses, brought out the fact that said witness and the other interested parties were together at the time and place indicated, and the entire conversation taking place between these parties was fully brought out, and their respective claims to said several properties, made the subject of sale and exchange, was detailed to the jury.

▓ There was no error committed by the court in sustaining plaintiff's demurrer to the motion to transfer from the law to the equity side of the circuit court. It was necessary for appellant to show that his defense rested upon the instrument in question, and that he was the beneficial owner of said instrument, or that he held under the same. He did not attempt to show such fact of interest and ownership thereunder.

▓ The jury should have had the written contract, which was the subject of discussion and of alleged modification by the original parties and McDonald and Boling. The modification of the writing was denied by Gaston, and there were reasonable inferences in the evidence to support him.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.