7 So.2d 557

### BROWN v. BROWN.

8 Div. 176.

Supreme Court of Alabama.

April 16, 1942.

Bradshaw & Barnett, of Florence, for appellant.

Wm. L. Almon, of Florence, for appellee.

BOULDIN, Justice.

A mother sued her son in detinue to recover a cow and calf. The appeal is to review rulings upon the trial resulting in a judgment for plaintiff.

The evidence as to ownership is in sharp conflict. When a calf, this cow, a blue jersey, was the property of the defendant. When her first calf came, she was turned over to the plaintiff.

Plaintiff claims ownership by swapping another cow for her.

Defendant claims she was merely let to plaintiff to milk for her feed.

It appears the mother and father were aged people, still living to themselves, but moving betimes to be near one of their married children. They were living near this son when this young cow and first calf went into the possession of the mother. This possession continued two or three years. The old people then removed to premises of a son-in-law. The cow, and her second or third calf, not yet having been removed, the son took possession and removed them to his curtilage. This suit followed.

Evidence for defendant tended to show swapping of cows was merely an exchange of one cow owned by defendant for another; that plaintiff requested the use of this little cow with her first calf, because she would require less feed, and give all the milk needed. Several witnesses for plaintiff testified in general terms to plaintiff's ownership of the cow. This was permissible. Rasco v. Jefferson, 142 Ala. 705, 38 So. 246. When it developed on cross-examination that the witness had no knowledge of the transaction, and was testifying from hearsay, the motion to exclude should have been sustained. Davis v. Arnold, 143 Ala. 228, 39 So. 141.

It was overruled.

Several witnesses were permitted to testify, over objection of defendant, that the cow "was known in that community as Mrs. Brown's cow"; "The cow was known as Mrs. Brown's cow." The admission of this line of evidence is presented in assignments of error and argument.

"Reputation, rumor, and notoriety are generally excluded as hearsay when offered as proof that the facts exist as they are reputed to exist, except as they come within exceptions to the rule of exclusion. Thus, the fact that a crime has been committed may not be proved by common rumor or general repute. Likewise, by reason of the hearsay rule, evidence of general reputation is not generally admissible as proof of ownership of real or personal property." 20 Am.Juris. 406, § 461.

Our cases are in harmony with this statement of the law. Davis v. Arnold, supra; Owen et al. v. Moxon, 167 Ala.

615, 624, 52 So. 527; Nashville, Chattanooga & St. Louis Railway v. Karthaus, 150 Ala. 633, 43 So. 791; Goodson v. Brothers, 111 Ala. 589, 20 So. 443; Ross v. Goodwin, 88 Ala. 390, 6 So. 682.

The evidence admitted was not within the exceptions recognized in the authorities. 20 Am.Juris. 407 et seq. §§ 461 to 464.

The general rule, in our opinion, applies in this case. The possession of the cow would naturally lead to notoriety in the neighborhood that she was owned by Mrs. Brown. For error in overruling motion to exclude as above noted, the judgment is reversed and cause remanded.

Remarks of counsel reflecting upon opposing counsel for interposing objections to proposed evidence should not be indulged. Whether the exclusion of such remarks sufficed to eradicate any hurtful influence in this instance, it is not necessary to decide.

Reversed and remanded.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.