94 So.2d 756

**Julius McHUGH, as Executor,**

v.

**Eugene G. HARRISON.**

2 Div. 376.

Supreme Court of Alabama.

April 25, 1957.

Pitts & Pitts, Selma, for appellant.

Childers & Rountree, Selma, for appellee.

SIMPSON, Justice.

Suit in detinue by Julius McHugh as executor of the last will of Mildred McHugh Harrison, deceased, against Eugene G. Harrison, to recover an Oldsmobile automobile in possession of defendant. Defendant and testate were husband and wife, and they had two children. Plaintiff (executor) was the brother of the testate. By the terms of the will of Mrs. Harrison all her property was left to these children.

The plaintiff, appellant, rested his right of recovery on the claim that Mildred Harrison had purchased the automobile with her own personal funds; that she was the owner of the car; and that it was a part of her separate estate at her death; and that the said automobile was wrongfully detained by the defendant, appellee. In support of this claim, he introduced into evidence a bill of sale for the automobile made out to Mildred Harrison, and tax assessment forms and tag receipts also in the name of Mildred Harrison. His evidence went to show that Mildred Harrison had purchased the car with her own funds.

The appellee, on the other hand, testified that the automobile was purchased by his wife for him; that he owned the car; and that it was purchased with funds owned jointly by himself and his wife, the

testate. A witness for appellee also testified that appellee owned the car. Testimony for the appellee was somewhat limited in scope because of the "Dead Man's" statute. The jury's verdict was for the defendant, and the plaintiff appeals.

The lower court refused the plaintiff's request for the affirmative charge and overruled the plaintiff's motion for a new trial. These two rulings are assigned as error.

■ Keeping in mind the prevailing scintilla rule, we think it clear that the affirmative charge for the plaintiff was well refused. What we have above mentioned shows that there was some evidence which supported the claim of the defendant. 18A Alabama Digest, Trials, ☞139(1) (g., h.).

So also do we entertain the view that a reversal cannot be rested on the ruling of the trial court in refusing to grant the plaintiff a new trial on the ground that the verdict was contrary to the great weight of the evidence. In view of the presumption in favor of the correctness of the verdict of the jury, and the added presumption after the trial court has overruled the motion, we cannot say with any degree of certainty that the preponderance of the evidence against the verdict was so decided as to convince this court that it was clearly wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Tennessee Coal, Iron & R. Co. v. Stevens, 115 Ala. 461, 22 So. 80; 2A Alabama Digest, Appeal & Error, ☞933(1).

■ Appellant also contends that the trial court erred in permitting two of defendant's witnesses to testify as to the ownership of the automobile. As to witness Jewell, it later developed that the witness was testifying as to his assumptions, and the trial court thereupon excluded this testimony. The error, therefore, if so, was cured by the exclusion of the testimony. Hammond Motor Company v. Acker, 219 Ala. 291, 122 So. 173; Tapscott v. Gibson, 129 Ala. 503, 30 So. 23.

■ The trial court also allowed defendant's witness, Ellis, to testify that appellee owned the automobile. However, during the presentation of his own evidence, the appellant questioned his witness, Joseph McHugh, as to the ownership of the automobile and the witness answered that it was owned by his sister, testate. It was permissible, therefore, for the opposing party to introduce like evidence even though the opponent did not object to such first-offered evidence. Ford v. State, 71 Ala. 385; Sloss-Sheffield Steel & Iron Co. v. Gardner, 17 Ala.App. 363, 85 So. 40; Sharp v. Hall, 86 Ala. 110, 5 So. 497; Longmire v. State, 130 Ala. 66, 30 So. 413; McElroy, The Law of Evidence in Alabama, § 14, p. 4.

■ Moreover, with respect to this character of evidence, it is the rule of our cases that ownership of personal property is a fact to which a witness may testify. Brown v. Brown, 242 Ala. 630, 7 So.2d 557; Gaston v. McDonald, 220 Ala. 155, 124 So. 208; Rasco v. Jefferson, 142 Ala. 705, 38 So. 246; Steiner v. Tranum, 98 Ala. 315, 13 So. 365; Daffron v. Crump, 69 Ala. 77. And if it should be developed on cross-examination that the witness had no knowledge of the transaction and was testifying from hearsay, the proper method of challenging the testimony would be by motion to exclude. Brown v. Brown, supra.

■ Error to reverse is also argued in the refusal of the trial court to give requested written charges 7 and 8. These charges were incorrect statements of the applicable law and were invasive of the province of the jury.

On a careful review of the case we are constrained to hold that no reversible error is shown.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.