This is an appeal from a judgment entered on a jury verdict in favor of the plaintiffs, A.E. and Helen Cash, in the amount of $11,500 and a directed verdict in their favor in the amount of $1,500 under the Truth in Lending Act. Defendant, Vintage Enterprises, Inc. d/b/a Colonial Mobile Homes, filed its motion for new trial, which was denied, and defendant now appeals.
The case arose from the sale of a mobile home by Vintage, which had been repossessed from a previous purchaser, to A.E. and Helen Cash.
The Cashes claimed damages for breach of warranty, fraud and violation of the Federal Truth in Lending Act. The complaint charges that Vintage made an express warranty that the mobile home was "like new" and "had never been lived in"; that Vintage impliedly warranted the mobile home to be of merchantable quality and fit for the particular purpose of use as a residence; that the representations made by defendant that the mobile home was "like new" and "had never been lived in" were made for the purpose of inducing the Cashes to purchase the mobile home; and that Vintage fraudulently concealed from the Cashes the fact that the mobile home was damaged or defective. Furthermore, plaintiffs alleged that defendant failed to inform them of the annual percentage rate and finance charge applicable to the transaction in violation of the Federal Truth in Lending Act.
The defendant assigns the following as grounds for reversal:
1. The trial court erred in directing a verdict for plaintiffs in connection with the count which claimed damages for the alleged violation of the Federal Truth in Lending Act.
2. The trial court erred in failing to grant defendant's motion for new trial for continued improper comments to the jury by counsel for plaintiffs.
3. The trial court erred in submitting the question of fraud to the jury and allowing the jury to consider punitive damages.
4. The trial court erroneously charged the jury as to the proper measure of damages for breach of warranty. *Page 478 
We need consider only defendant's first ground for reversal — the trial court erred in directing a verdict in favor of plaintiffs on Count G of the amended complaint (violation of the Truth in Lending Act) as we have concluded that ground requires reversing and remanding for a new trial.
Section 226.8 of Regulation Z, 12 C.F.R. p. 755, which was promulgated to carry out the purposes of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., requires among other things the following:
 "(a) General Rule. Any creditor when extending credit other than open end credit shall, in accordance with § 226.6 and to the extent applicable, make the disclosures required by this section with respect to any transaction consummated on or after July 1, 1969. Except as otherwise provided in this section, such disclosures shall be made before the transaction is consummated. At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified. * *"
(emphasis added)
Therefore, the question presented under this assignment of error is whether the trial court was correct in granting the plaintiffs' motion for directed verdict on Count G of the amended complaint. We hold the trial court erred in directing a verdict on that count.
Count "G" of the amended complaint alleges:
 "2. On or about April 5, 1974, the Plaintiffs contracted with the Defendants for the sale and purchase of a mobile home to be used by Plaintiffs as a residence. The Defendants' contract with the Plaintiffs was a consumer credit transaction and the Defendants failed to inform Plaintiffs of the annual percentage rate and finance charge applicable to said transaction. Such failure to inform and disclose was a violation of the Federal Truth in Lending Act."
The tendencies of the evidence on this count were on April 5, 1974, the plaintiffs signed an "Assumption Agreement" whereby they were to assume the obligation of the previous owner; part of that agreement signed by Augustus E. Cash provided: "Receipt of a copy of this agreement and copy of the original Retail Security Agreement (`Instrument') is hereby acknowledged by Purchaser." The Assumption Agreement clearly sets out the total amount due; the number of payments; the amount of each payment; and the acknowledgment contained in the Assumption Agreement refers to the original agreement, which sets forth the amount of the finance charge and the annual percentage rate.
The testimony about whether these documents, or copies of them, were actually received by plaintiffs is as follows:
Mrs. Cash testified that they did not receive copies of the documents at the time they were signed; Mr. Cash stated he didn't know whether they got copies or not; and Mr. Smith, who was at the time of the transaction a salesman of defendant, testified the Cashes did receive a copy at the time of purchase.
The defendant contends that the inconsistencies in the testimony of the witnesses on this question created a scintilla of evidence which precluded the granting of a directed verdict. We agree. As expressly set out in Rule 50 (e), ARCP, the "scintilla" rule is preserved as the standard by which the trial judge must determine the propriety of granting a motion for directed verdict. Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975).
Chambers v. Buettner, 295 Ala. 8, 321 So.2d 650 (1975), held that a motion for directed verdict at the close of plaintiff's case tests the sufficiency of the evidence to entitle the claim for relief to be submitted to the jury. Also, in Chambers, we quoted from Alabama Power Co. v. Taylor, supra:
 "* * * If a trial judge decides there is not a scintilla of evidence upon which the jury could reasonably reach a verdict * * * he can direct the verdict without submitting the credibility of the witnesses to the jury if their testimony is *Page 479 
uncontradicted and unimpeached. * * *"
A defendant, as well as a plaintiff, is entitled to the benefit of the scintilla rule. McHugh v. Harrison, 266 Ala. 138, 94 So.2d 756 (1957); Alabama Power Co. v. Taylor, supra.
The trial and appellate courts must view the evidence in the light most favorable to the party against whom the motion was made. Alabama Power Co. v. Taylor, supra. In this case, in the most favorable light to Vintage. Thus viewed, the evidence on this question was sufficient to require the issue of violation of the Truth in Lending Act to be submitted to the jury.
For error in directing a verdict in favor of plaintiffs on Count G of the amended complaint, this case is reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.