This is an appeal from an order granting a motion for directed verdict to defendant *Page 708 
The Peoples Bank of Pell City following the close of plaintiff Turner's case. We affirm.
Turner owned a skidder, a heavy piece of machinery used in the pulpwood business. Anniston Equipment Company (AEC) had done repair work on the skidder amounting to approximately $3,000. When Turner did not pay the bill, AEC wrote Turner demanding payment, threatening sale of the skidder to satisfy the debt. The Peoples Bank (Bank) told AEC it had a lien on the skidder to cover a debt of $3,691.86 which Turner owed the Bank. The Bank demanded protection of its lien. Before the date of proposed sale, Turner made a partial payment of $113 to AEC, and AEC stopped proceedings to sell the skidder. The Bank, in response to a telephone inquiry by AEC a few days before the sale, told AEC that it would release its lien on the skidder for $1,500. In October, 1975, AEC, without notice to Turner, sold the skidder for $7,500 (AEC's asking price), although the fair market value was alleged to have been at least $10,000. AEC deducted $3,000, plus various costs, for its bill, and gave the Bank $1,500 for its release of the lien. AEC then kept the excess of the sale. Although AEC made out a check as a refund to Turner for his $113 payment, it subsequently cancelled the check and never repaid the $113 payment to Turner. The Bank later foreclosed the mortgage on Turner's house to satisfy the balance of Turner's debt with the Bank. Turner tendered payment on the debt, but payment was rejected, Turner being told that foreclosure proceedings had already begun.
Turner sued the Bank and AEC for conspiracy to convert the skidder. Turner and AEC settled out-of-court. At the close of Turner's case, the trial court granted the Bank's motion for directed verdict. This appeal then followed.
The law of civil conspiracy in Alabama is well stated inO'Dell v. State, 270 Ala. 236, 117 So.2d 164 (1959), viz.:
 "A conspiracy is a combination to accomplish an unlawful end or to accomplish a lawful end by unlawful means. Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251; Gaines v. Malone, 244 Ala. 490, 13 So.2d 870.
 "Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed. Louisville N.R. Co. v. National Park Bank, 188 Ala. 109, 65 So. 1003; Humphrey v. Terry, 206 Ala. 249, 89 So. 607.
 "A conspiracy may be both pleaded and proved as aggravating the wrong complained of and enabling the complainant to recover in one action against all of the joint tort-feasors. . . ."
 ". . . The existence of the conspiracy must often be inferentially and circumstantially derived from the character of the acts done, the relation of the parties, and other facts and circumstances suggestive of concerted action. . . ."
270 Ala. at 240, 117 So.2d at 168.
Appellant Turner contends that there is a scintilla of evidence, direct or circumstantial, to go to the jury on the alleged conspiracy between AEC and the Bank to convert Turner's skidder. Specifically, Turner contends that the conspiracy arose during the telephone call between AEC and the Bank.
The trial court held to the contrary, finding that there was no evidence to establish the conspiracy, and directed a verdict for the Bank, viz.:
 "[I]t was the contention of the Plaintiff that the Defendant, the bank, The Peoples Bank of Pell City and Anniston Equipment Company agreed to bring about the sale of the skidder with the bank having a mortgage. The Defendant has filed a motion with me for a directed verdict and on the basis that there is no evidence that there was an agreement to bring about the sale for the Jury to consider and I have followed the evidence and listened to the arguments of the lawyers and therefore direct you to return a verdict in favor of the Defendant."
Although the jury refused to sign the directed verdict, the trial judge entered judgment for the Bank accordingly. *Page 709 
The standard by which the trial court must determine the propriety of granting a motion for directed verdict, and likewise our standard upon review, is the scintilla rule. ARCP 50 (e). As we noted in Alabama Power Company v. Taylor,293 Ala. 484, 306 So.2d 236 (1975):
 "`* * * it is only where the facts are such that all reasonable men must draw the same conclusion from them that the question . . . is ever considered as one of law for the court. Unless the evidence is free from doubt or adverse inference, the question is for the jury. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594. Where the affirmative charge [now directed verdict] is requested, the entire evidence must be viewed in a light favorable to the opponent. When a reasonable inference may be drawn, which is adverse to the party requesting the charge, the charge is properly refused. (Citations omitted.)' (Emphasis supplied.)
* * * * * *
 "`In civil cases, a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. (Citations omitted.) * * *' Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972).
 "A defendant as well as a plaintiff is entitled to the benefit of the scintilla rule. McHugh v. Harrison, 266 Ala. 138, 94 So.2d 756 (1957)."
293 Ala. at 492, 306 So.2d at 243.
The issue before us then is whether there was a scintilla of evidence in support of appellant Turner's complaint against the Bank alleging a conspiracy to convert appellant Turner's skidder. We hold that there was not and affirm.
The gist of appellant Turner's complaint is that the Bank conspired with AEC during a telephone conversation to illegally convert Turner's skidder. Turner introduced no direct evidence of a conspiracy between the two. The only evidence presented was the fact that a telephone conversation took place between the Bank and AEC, when AEC asked the Bank whether it would release its lien and, if so, how much would be required to release it. There was no evidence as to any relationship between the Bank and AEC. There was no evidence as to any agreement between the Bank and AEC to act in concert in selling the skidder. There was no evidence that the Bank even knew when or how AEC sold the skidder. The uncontradicted testimony was to the effect that there was no relationship between the Bank and AEC, that there was no agreement between the Bank and AEC to act in concert in selling the skidder, and that the Bank did not even know when or how the sale of Turner's skidder took place.
We must conclude that the evidence introduced would lead all reasonable men to draw the same conclusions reached by the trial court: that AEC acted unilaterally in wrongfully selling the skidder, that the Bank was simply exercising its legal rights and that there was no evidence establishing any conspiracy between the Bank and AEC. When the entire evidence is viewed in a light most favorable to Turner, no reasonable inference may be drawn which is adverse to the Bank, the moving party. Alabama Power Company v. Taylor, supra.
We hold, therefore, that neither the evidence nor any reasonable inference arising therefrom furnished a gleam, glimmer, spark, the least particle, the smallest trace, i.e., a scintilla, in support of the theory of the complaint. AlabamaPower Company v. Taylor, supra. We hold that the directed verdict in this instance was properly granted.
Appellant Turner's second contention is that the trial court erred in excluding evidence of the Bank's actions in foreclosing upon Turner's house to satisfy its debt. Turner contends that the foreclosure is a post-conspiracy activity and tends to show the end result of the conspiratorial activity.
It is true that "[I]t is proper to consider evidence extending over a considerable period, both before and after the *Page 710 
date of the alleged combination and even after its termination,just so the proof has a tendency to establish the ultimatefact." Barber v. Stephenson, 260 Ala. 151, 156, 69 So.2d 251,255 (1953). [Emphasis added.]
However, the complaint here alleges a conspiracy to convert the skidder, not a conspiracy to wrongfully foreclose the mortgage on Turner's house. Under the evidence presented, releasing the lien by the Bank and foreclosing the mortgage on Turner's house by the Bank were two unrelated legal actions undertaken to satisfy the Bank's debt upon which Turner had defaulted. Foreclosure of the mortgage on the house did not tend to establish the ultimate fact of the alleged conspiracy to convert the skidder and was therefore properly excluded.Barber v. Stephenson, supra.
AFFIRMED.
TORBERT, C.J.,[1] and FAULKNER, ALMON and EMBRY, JJ., concur.
JONES, J., concurs in the result.
[1] The Chief Justice, although not sitting at oral argument, has read and studied the briefs and listened to the tapes of oral argument.