The standard of review for a directed verdict is:
 "A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Deal v. Johnson, 362 So.2d 214
(Ala. 1978). . . .
 "In addition, the trial court must view the entire evidence, and all reasonable inferences which a jury might have drawn therefrom, in the light most favorable to the non-moving party. Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975); Vintage Enterprises, Inc. v. Cash, 348 So.2d 476 (Ala. 1977)."
Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 856 (Ala. 1981). See also Ritch v. Waldrop, 428 So.2d 1 (Ala. 1982). The plaintiffs were required to submit a scintilla of evidence in support of their claim that the tort-feasor was not insured.[1] I agree with the majority that the proper standard is whether the plaintiffs used reasonable diligence to ascertain the uninsured status of the tort-feasor.
 "The question of the burden of proof to establish that a motorist is uninsured is one of first impression with this court. The majority of jurisdictions which have considered the question have consistently placed the initial burden of proving the motorist was uninsured on the claimant. Mindful of the difficulty of proving a negative, many courts have relaxed the burden by adjusting the quantum of proof necessary. For a discussion of the nature of the problem and an analysis of the recent decisions, see Widiss, A Guide to Uninsured Motorist Coverage, § 2.39, p. 77. Typical of the reasoning adopted *Page 918 
by many courts is the following statement in [Merchants Mut. Ins. Co. v. Schmid,] 56 Misc.2d 360, 288 N.Y.S.2d 822 [Sup.Ct. 1968]:
 " 'Since the absence of insurance upon the offending vehicle and its driver is a condition precedent to the applicability of the uninsured driver indorsement, we hold that the burden of proving such absence is upon the claimant. However, we must keep in mind that proving a negative is always difficult and frequently impossible and that, consequently, the quantum of proof must merely be such as will convince the trier of the facts that all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless. In such an event, and absent any affirmative proof by petitioner, the inference may be drawn that there is in fact no insurance policy in force which is applicable." (pp. 362, 363, 288 N.Y.S.2d p. 825).' "
Van Hoozer v. Farmers Insurance Exchange, 219 Kan. 595, 611-12,549 P.2d 1354, 1367 (1976); Appleman, Insurance Law andPractice, § 5087 (1981); Annot., Insurance — "Uninsured"Motorist, 26 A.L.R.3d 883 (1969).
I believe that the plaintiffs met their burden and presented sufficient evidence to take the case to the jury.[2] While the evidence and arguments presented suggesting the lack of diligence on the plaintiffs' behalf would justify the jury's determining that the plaintiffs did not exercise due diligence, I can not say that the plaintiffs' claim should be denied as a matter of law. Plaintiffs presented evidence showing that the tort-feasor initially could not say whether he was insured. Trooper Bryant testified that an investigation of papers contained in the tort-feasor's vehicle was initially inconclusive on the question of whether the tort-feasor was insured, but Bryant eventually concluded that he was. In addition, the tort-feasor failed to file an answer to the plaintiffs' complaint and request for admissions as to the existence of insurance, and the plaintiffs took a default judgment. While various inferences could be drawn from this fact, I believe the jury was free to infer that the tort-feasor did not respond because he was uninsured.
In summary, I believe that the plaintiffs presented sufficient evidence to withstand the defendant's motion for a directed verdict.
JONES, SHORES and KENNEDY, JJ., concur.
[1] This action was filed before June 11, 1987; therefore the "scintilla rule" applied. See Code 1975, § 12-21-12.
[2] While I agree that the plaintiff has the burden of proof, the quantum of proof necessary to create a jury question must not be overly burdensome. If the insurer must pay, it presumably has subrogation rights. If there is an erroneous finding that the tort-feasor is uninsured, i.e., if in fact he is insured, the uninsured motorist coverage carrier can easily recover against the tort-feasor's insurer.