250 So.2d 688

**Dennis Eugene PARKER**

v.

**Kenneth H. MUSE et al.**

**8 Div. 48.**

Court of Civil Appeals of Alabama.

July 14, 1971.

Loma B. Beaty, Fort Payne, for appellant.

Dawson, McGinty & Livingston, Scottsboro, for appellees.

WRIGHT, Judge.

Verdict and judgment for damages in the amount of $4000 in favor of plaintiff was rendered in the Circuit Court of Jackson County, Alabama, on March 12, 1970. Upon denial of motion for new trial, defendant below appealed from judgment and denial of motion for new trial.

The suit began by complaint for damages to the airplane of plaintiff proximately caused by the negligence of defendant in the operation of another airplane at the airport in Scottsboro, Alabama. Demurrer to the complaint was overruled. Defendant

filed 17 pleas, including a plea of set-off or recoupment. Demurrer of plaintiff was sustained to all pleas but 1, 2, and 6. The plea of recoupment was withdrawn by defendant at time of trial. Pleas 1 and 2 were of the general issue and plea 6 was a plea of contributory negligence.

The evidence tended to show that on the afternoon of June 20, 1968, plaintiff, Kenneth H. Muse, a duly licensed and experienced pilot was operating plaintiff's airplane while making an approach to land at the Scottsboro airport. Defendant, a student pilot, was operating an airplane at the same time and place. As plaintiff Muse was making his landing and while on the ground, his plane was struck from above and behind by the plane of defendant. As a result of the collision, plaintiff's plane was severly damaged, the rear of the fuselage and tail being totally domolished.

Defendant, though not having seen plaintiff's plane before the collision, contended that plaintiff was taking off rather than landing at the time of collision. Three witnesses on the ground, who either saw the accident or saw the planes immediately before or immediately after the collision, stated both planes were landing at the time of collision.

This appeal brought by defendant below, hereafter called appellant, assigns as error the denial of his motion for new trial, various rulings of the trial court during the trial which were set out as grounds in the motion for new trial, and the sustaining of demurrer to his pleas.

In brief, appellant has set out various propositions of law, and his argument is in support of such propositions rather than to his assignments of error. Appellee has contended in his brief that such procedure is not in accordance with the Supreme Court rules and moves to dismiss the appeal. We deny such motion. Though the method of argument in brief followed by appellant is not in strict adherence to the rules of the Supreme Court we consider that appellant has sufficiently pointed out errors so that appellee and this Court are able to determine the matters complained of. We would suggest to counsel for appellant that rules of the Supreme Court be studied prior to preparation of brief in future appeals and that effort be made to follow their direction.

■ The errors assigned and argued in brief are in fact grounds contained in the motion for new trial, since the ruling on the motion is assigned as error, each ground contained therein and argued in brief will be considered as an assignment of error. National Life & Acc. Ins. Co. v. Allen, 285 Ala. 551, 234 So.2d 567; Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37; James v. Governor's House, 284 Ala. 404, 225 So. 2d 815; Reynolds Bros. Lmb. Co. v. W. S. Newell Const. Co., 284 Ala. 352, 224 So.2d 899.

Appellant begins his argument by stating that the chain of events which prevented him from receiving any "semblance of a fair and impartial trial" began with the sustaining of demurrer to his pleas 3 through 5 and 7 through 16.

■ We have examined each of these pleas and find no error in the sustaining of demurrer to them. Plea 3 is defective in form as a plea of contributory negligence. Plea 3(b) is nothing more than a denial of the allegations of the complaint as to proximate cause. There was already a plea of not guilty and a denial of the truth of the complaint, that is, a plea of general issue. Plea 4 was another form of denial of the allegation of the complaint as to damages and it was not error to sustain demurrer to it. Pleas 5, 7, 9, 10, 11, 12, 13, 14, 15 and 16 were efforts to plead contributory negligence by setting out conclusions of fact which were averred to constitute negligence on the part of appellee. All of these alleged acts of appellee, if established by the evidence, were admissible under plea 6, a general plea of contributory negligence, to which plea demurrer was overruled.

■ Appellant argues that the sustaining of demurrer to his pleas prevented him in some way from presenting evidence and having written charges read relating to such pleas. He offers no authority in support of such argument, and the propositions of law presented are not in point. As previously stated herein every allegation of fact contained in the defective pleas, if provable, was admissible under the general plea of contributory negligence. Broad general propositions of law are not sufficient unless applied to the ruling assigned as error. Melton v. Jackson, 284 Ala. 253, 224 So.2d 611.

We find no error prejudicial to appellant in the trial court's sustaining demurrer to appellant's pleas.

■ Appellant next contends error in the trial court's allowing testimony of appellee Muse as to ownership of the aircraft over his objection. It is argued such oral statement of ownership violated the best evidence rule.

■■ We find no violation of the best evidence rule here. The contents of a writing in existence was not in issue in this case. It is only in such cases that the so-called Best Evidence Rule applies. Street v. Nelson, 67 Ala. 504; 4 Wigmore, Evidence (3rd Ed.), Section 1246. It has long been settled in this state that ownership of personal property is a fact to which a witness may testify. McHugh v. Harrison, 266 Ala. 138, 94 So.2d 756.

It appears from argument in brief that the next charge of error is the overruling by the trial court of objection of appellant to questions propounded to appellee by his counsel relating to a sale of the damaged plane and the amount received from such sale. The rulings involved here were challenged by assignments of error, 4, 5 and 6. Though appellant does not refer to such assignments in brief, contrary to case interpretations of Rule 9, Supreme Court rules, again we are able to discern his point

of argument and will consider the assigned error.

The objection of appellant to the questions propounded were general and without assigned grounds. The questions and objections were as follows:

"Q. Do you know what you got for it?"

"Mr. Beaty: We object to that—what he got for it."

"The Court: Overruled."

"Mr. Beaty: We except."

"Q. When did you sell it, if you know?"

"Mr. Beaty: We object to that. It is irrelevant, incompetent and immaterial. That is not the proper measure of damages."

"The Court: Overruled."

"Mr. Beaty: We except."

■ A general objection that a question is irrelevant, illegal and immaterial cannot be made the basis of error upon an adverse ruling by the trial court unless the evidence sought is manifestly inadmissible and cannot be rendered admissible in connection with other evidence. Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641; Dyer v. Board of Zoning Adjustment and Appeals of Fairhope, 45 Ala.App. 696, 236 So.2d 705.

■ There was nothing on the face of either of the questions objected to which would make the answer patently inadmissible. In any event, the questions did not call for inadmissible evidence. The first required only a yes or no answer, and the latter required only an answer as to time of a sale. We find no motion to exclude an answer as to the amount of the sale. We are of the opinion that though the measure of damages due to injury to personal property is the difference between the before and after market value, evidence of a sale of the damaged property between a willing seller and a willing purchaser is admissible as an element tending to show

market value. Vance v. Myers, 213 Ala. 660, 106 So. 142.

■ Further, we can see no injury to appellant assuming error was committed. Appellee testified that in his opinion the aircraft was a total loss. The evidence as to the sale price after damage was $2600. The tendency of the evidence was to benefit appellant. We therefore apply Rule 45 of the Supreme Court of Alabama.

■ Appellant next contends a new trial should have been granted because there was no legal evidence as to before and after market value from which the jury could properly assess damages. We find no basis for this contention. Appellee as owner was qualified to state his opinion as to value of his plane before and after the injury. Alexiou v. Christu, 285 Ala. 346, 232 So.2d 595. This he did. He stated that in his opinion the plane was worth $6000 before the accident and was a total loss after. This latter opinion later was shown to be incorrect by plaintiff's own testimony that the wrecked plane was sold for $2600.

■ We now come to the ground of the motion for new trial charging that the verdict was excessive and not supported by the evidence. Though appellant made little argument on this point, our review of the evidence, indulging all presumption as to correctness of the verdict after denial of motion for new trial, convinces us that a verdict for $4000 is unsupported by the evidence. Accepting appellee's evidence as truth and giving it full weight, we can find no evidence to support a verdict for more than $3400. If the reasonable market value of the plane was $6000 before the accident, and if it was a total loss after the accident, the measure of damages is the reasonable market value before, less salvage value after. Hunt v. Ward, 262 Ala. 379, 79 So. 2d 20. It was appellee's own testimony that the plane sold for $2600 in its wreck-

ed condition several months after the accident. Thus, his damage according to his own evidence could not legally exceed $3400.

■ Appellant next contends error in the refusal to give his written requested charge 10. This charge appears to be proper in form but consists of what is termed a "mere accident" charge. It has been held that the giving or refusal of such a charge is not reversible error. Smith v. Baggett, 218 Ala. 227, 118 So. 283; Conner v. Foregger, 242 Ala. 275, 7 So.2d 856.

■ Appellant further charges error in the refusal to give his requested charge 33. Without setting the charge out here we find that charge 33 was an effort by appellant to negative elements of subsequent negligence. There was no issue made in the complaint nor evidence presented on behalf of plaintiff as to subsequent negligence of appellant. Since subsequent negligence was not an issue in the case, a charge thereon is abstract and misleading. For this reason, at least, charge 33 was properly refused. Simon & Son v. Johnson, 108 Ala. 241, 19 So. 244

None of the other errors assigned are argued in any form in brief and are therefore considered waived. Supreme Court Rule 9.

As the failure of the trial court, to grant a new trial because the verdict was excessive and not supported by the evidence as to amount, is the only reversible error found on appeal, this Court under authority of Title 7, Section 811, Code of Alabama 1940, hereby reduces the verdict to $3400. If appellee remits all amount in excess of said sum by filing a remittitur with the clerk of this Court within thirty days the judgment of the trial court will be affirmed; otherwise the judgment will be reversed and the cause remanded. Faulkner v. Gilchrist, 225 Ala. 391, 143 So. 803.

Affirmed conditionally.