281 So.2d 643

Roland J. T. CHAMBERS etc.

v.

Rainey R. BURGESS.

7 Div. 48.

Court of Civil Appeals of Alabama.

Sept. 20, 1972.

Dortch, Wright, Cobb & Ford, Gadsden, for appellant.

Robert H. King, Gadsden, for appellee.

HOLMES, Judge.

The action, which is the basis for this appeal, was originally filed in the Etowah County Court. Upon a hearing of the case, a judgment was entered by the Etowah County Court for the plaintiff who is the appellee here. From this judgment an appeal was taken by the defendant, appellant here, to the Circuit Court of Etowah County. The circuit court, without a jury, heard the evidence and thereafter a judgment again was rendered for appellee in the amount of $500.

It is from this judgment that appellant appeals to this court.

In substance, the plaintiff's (hereinafter referred to as appellee) case is that the defendant (hereinafter referred to as appellant) negligently operated a motor vehicle so as to cause that vehicle to run into appellee's vehicle. In other words, this is an action for property damage allegedly caused by appellant's negligence in the operation of a motor vehicle.

Testimony by appellee's daughter, who was driving the automobile in question at the time of accident, reveals that she was about to turn left when she heard the automobile of appellant sliding and that appellant's automobile skidded beyond a stop sign into appellee's automobile. She testified that she had stopped prior to impact; that she was on the right side of Ninth Street when appellee's automobile was struck, and that the left wheel might have been over an imaginary center line as she was about to turn left. She further testified that appellant backed up after impact about 8 or 10 feet so that traffic was able to go between appellee's automobile and appellant's automobile after accident.

Appellee testified, uncontradicted, that automobile in his opinion had a reasonable market value of $1200 before the accident and $700 after the accident. Further testimony revealed cost of repairing damage to car would be close to $234. Appellee also testified that appellant stated to him that he, appellant, was sliding when he hit appellee's car.

Witness for appellee testified that he heard the accident and saw appellant back up about one foot which put the majority of his car behind the stop sign. However, witness further testified that appellant's car was one foot beyond stop sign when he first saw the car. Witness also stated that appellee's car was in the middle of the street; that the left wheels were left of the center of Ninth Street about 10 or 11 inches; and that it was raining that day.

Witness for appellant testified that he, as police officer at the time of the accident, investigated the accident. The police

officer stated the stop sign was 8 to 10 feet from the curve line; that he had made a wreck report which was introduced into evidence without objection showing that appellee's automobile cut the corner too short and the left front of appellee's car struck the front of appellant's car. He stated appellee's automobile was 6 feet out from where Gardner and Ninth Streets intersect, which was the place of impact and that lanes on Ninth Street were approximately 12 feet wide, making the street 24 feet wide.

Appellant's testimony reveals that he stopped at the stop sign on Gardner, pulled out 4, 5, or 6 feet to start a right turn and that appellee's car was immediately in front, cutting the corner. He stated that he might have slid a foot just before impact. Appellant also testified that he backed up only a foot and that no traffic went between his car and appellee's after the accident.

During the trial, the judge examined witnesses stating that he had no other desire in so doing than to learn what happened, and to get at the facts.

Appellant's assignments of error include refusal of Motion for New Trial which alleged six grounds to the effect that judgment was contrary to the great weight and preponderance of the evidence; that appellee was guilty of contributory negligence; and that the verdict of the court is excessive. Further assignments of error are that the trial court erred in allowing appellee to call additional witnesses after having rested his case; that the court, through examining witnesses, became an advocate and was therefore unable to render decision without bias and prejudice; and that the court erred and prejudiced the appellant by arguing with appellant and attempting to impeach his testimony.

As to appellant's contention that the trial court erred in denying appellant's motion for a new trial in that the judgment of the trial court is contrary to the great weight of the evidence, this court has carefully perused the testimony relating to how the accident occurred and it is in sharp conflict.

In Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853, 6 A.B.R. 1985 (Special Term 1972), the Supreme Court of Alabama said:

. " ' 'Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence under any reasonable aspect regardless of what might be our view of the evidence. Norton v. Norton, 280 Ala. 307, 193 So.2d 750; Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281.' Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598 (1970).

" '* * * the findings and conclusions of fact made by a trial court, based on testimony taken ore tenus, are presumed to be correct, and such findings and conclusions carry with them the force of a jury verdict. Unless such findings and conclusions are plainly wrong or without supporting evidence, or are manifestly unjust * * * the final decree is due to be affirmed. Renfroe v. Weaver, 285 Ala. 1, 228 So.2d 764, and cases there cited.' "

Mr. Justice McCall, in Wayland Distributing Co. v. Gay, 287 Ala. 446, 252 So.2d 414, quoted from Grand Trunk Ry Co. v. Ives, 144 U.S. 408, 417, 12 S.Ct. 679, 682, 36 L.Ed. 485, as follows:

" ' "There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall constitute ordinary care, under any and all circumstances. The terms 'ordinary care,' 'reasonable

prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court." * * *' " (287 Ala. at 452, 252 So.2d at 419)

The facts of this case do not allow us to hold that the trial court was plainly wrong or was without supporting evidence.

After appellee rested his case in chief, but prior to appellant presenting his case, he was allowed by the trial court to call additional witnesses. As appellant points out in his well written brief, Tit. 7, § 252, Code of Alabama 1940, provides as follows:

"The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."

■■■ The record reveals appellant's objection with the court overruling, thereby the court exercising the discretion vested by Tit. 7, § 252, Code of Alabama 1940.

The trial court, therefore, did not abuse its discretion in allowing the additional evidence. See Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So.2d 106. We also note that the testimony allowed after appellee had rested was, in effect, cumulative evidence and could be said to be without prejudice to appellant.

Appellant's contention that the court, by examining witnesses, became an advocate and therefore unable to render an unbiased decision, and that the court erred to the prejudice of the appellant by arguing with him and attempting to impeach his testimony, is without merit.

■■ The trial judge has the right to propound such questions to witnesses as may be necessary to elicit certain facts; and it not only is the court's prerogative to so act, but its duty, if the court deems it necessary to elicit proper evidence bearing on the issues. Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761; Luker v. State, 39 Ala. App. 548, 105 So.2d 834; Rice v. Hill, 278 Ala. 342, 178 So.2d 168. Here, we do not believe the trial court abused its discretion in asking witnesses certain questions and no reversible error appears as a result of its questions.

■ Moreover, there was no objection to any of the questions asked, nor in appellant's motion for a new trial was any ground specified as to the alleged objections to the examination of witnesses by the court. Where no objection was made or exception taken to any remark or question by the trial judge, nothing is presented here for review. State v. Boyd, 271 Ala. 584, 126 So.2d 225; Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

■ Appellant's final contention argued is that the judgment was excessive. The Alabama Court of Appeals stated in Fuller v. Martin, 41 Ala.App. 160, 162, 163, 125 So.2d 4, 6, the following:

"The basic rule for the measure of damages for injury to a motor vehicle is

the difference in value before and after the injury. Hunt v. Ward, 262 Ala. 379, 79 So.2d 20. . . ."

The appellee, the owner of the damaged vehicle, testified without objection that the value of the vehicle immediately prior to the accident was $1,200 and that the value immediately after the accident was $700.

If appellee had had his automobile repaired, it would not have diminished his damages as that issue was submitted to the court, which in this case was the difference in market value before and after. Appellee's testimony is competent evidence and this court cannot say a judgment of $500 was excessive. See Robbins v. Voigt, 280 Ala. 207, 191 So.2d 212; 7A Ala. Digest, Damages, ☞113.

Having considered all assignments of error properly presented, we find no reversible error in the record and the judgment is due to be, and is

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.