This is an action for damages arising from a collision of automobiles. The case was tried to the court without a jury. From a judgment of $3,000 rendered in favor of plaintiffs, defendants appeal.
The issue is whether the trial court's judgment was excessive as against the great weight of the evidence. We find no error and affirm.
The record reveals the following pertinent facts: On September 20, 1980, the Hogans' 1976 Seville Cadillac was parked near the intersection of Highway 24 and Highway 33 in Moulton, Alabama. Mr. Holloway, an employee of Sunshine Homes, was driving a tractor-trailer truck pulling a mobile home. Upon turning at the intersection the back end of the mobile home hit the Hogans' automobile, causing damage to the left rear area. Mr. Hogan testified that in his opinion the fair market value of the car prior to September 20, 1980, was $9,000. His opinion as to its fair market value after the collision was $6,000. Mr. Hogan received estimates on the cost of repair of $383.76 and $416.81 from two automobile dealers. Neither dealer, however, could guarantee an exact color match or that there would not be telltale signs of a wrecked automobile. Mr. Hogan further testified that the drastic changes in the design of the Seville model in 1979 increased the value of the 1976 model.
Mr. Kenneth Wayne Neal, an appraiser with Crawford and Company Insurance Adjusters, testified for Sunshine Homes and Mr. Holloway. His estimate of the value of the automobile in its damaged condition was the same as Mr. Hogan's estimate, $6,000. Mr. Neal's estimate of the fair *Page 151 
market value prior to the collision, however, was $6,550. He testified that this figure was arrived at by getting estimates over the telephone from three local dealers and by reference to the value assigned that make and model by the NADA Retail Book. Mr. Neal's estimate as to the cost of repair was $358.30. He further testified that once an automobile is wrecked its value depreciates.
It is well settled in this state that the measure of damages for injury to personal property is generally the difference in the reasonable market value immediately before and after the injury. Crump v. Geer Brothers, Inc., 336 So.2d 1091 (Ala. 1976); Fuller v. Martin, 41 Ala. App. 160, 125 So.2d 4 (1960). The owner of property is qualified to state his opinion as to value before and after injury. Chambers v. Burgess, 50 Ala. App. 591, 281 So.2d 643 (1972); Parker v. Muse, 47 Ala. App. 84,250 So.2d 688 (1971). Evidence of the cost of repairs is a factor
which the trier of fact is authorized to consider in determining the true measure of damages. Arrick v. Fanning,35 Ala. App. 409, 47 So.2d 708 (1950). Additionally, whether it is possible to restore the automobile, through repair, to as good condition as before the injury, is relevant to the question of damages. Donaldson v. Foreman, 213 Ala. 232, 104 So. 406
(1925). The cost of repairs alone, however, is not the measure of damages. Winn-Dixie Montgomery, Inc. v. Holt, 57 Ala. App. 499, 329 So.2d 556 (1976).
On a question of fact, the finding of the trial court is presumed to be correct. Adams Supply Company v. United StatesFidelity Guaranty Company, 269 Ala. 171, 111 So.2d 906
(1959). Having the standing of a jury verdict, such finding will not be set aside on appeal unless, after allowing all reasonable inferences in favor of its correctness, there exists in the record such a preponderance of evidence against it that this court must find it palpably wrong and unjust. Ingram v.Bank of Brewton, 340 So.2d 815 (Ala.Civ.App. 1976). In the record before us, there was competent evidence to support a judgment of $3,000 in favor of the Hogans.
Finding no error, this cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.