This is a breach of contract case.
While three counts were contained in the amended complaint, it is clear that the trial court rendered its judgment for the plaintiff, Mr. Franklin, for $4,515 only upon count three. There, it was alleged that the parties had entered into an agreement whereby the defendants purchased the plaintiff's 51% interest in a business and that the defendants breached the terms of the contract by failing and refusing to pay the agreed purchase price therefor. The evidence disclosed that the three parties had previously conducted their establishment as a partnership, but that it is now being operated solely by the two defendants, who have duly appealed.
The trial court properly overruled the defendants' motion to dismiss count three of the complaint, which obviously states a traditional justiciable legal claim for the plaintiff as against the defendants for breach of contract. Briggs v.Woodfin, 395 So.2d 1024 (Ala.Civ.App. 1981); Rules 8 (a)(1) and 12 (b)(6), A.R.Civ.P. Since that count was the sole pleading foundation for the final judgment, the ruling of the circuit court upon the motion to dismiss the other two counts of the complaint is now totally immaterial. Rule 45, A.R.A.P.; Rule 61, A.R.Civ.P.
The defendants contend that the trial court improperly permitted the contract to be introduced into evidence since the plaintiff failed to comply with civil rule 44 (i) which provides as follows:
 "The execution of any instrument of writing attested by witnesses may be proved by the testimony of the maker thereof, without producing or accounting for the absence of attesting witnesses. In all other cases the subscribing witness must be produced, if possible, to prove execution of private documents, unless the document is an ancient writing which proves itself, or is self-proving or properly acknowledged, or is an official bond required by law to be approved or tested by a particular functionary, or is only incidentally or collaterally material to the case. Whenever the subscribing witnesses are dead, insane, incompetent, or are without the state, or their residence is unknown, or, being produced, they do not recollect the transaction, then proof of the actual signing by, or of the handwriting of, the alleged maker or subscribing witness, shall be received as primary evidence of the fact of execution; and if such evidence be not attainable, the court may admit evidence of the handwriting of the subscribing witness, or other secondary evidence, to establish such fact or execution."
The plaintiff did not provide the testimony of the available subscribing witness to the contract. The defendants each testified that they did not sign the agreement. Hence, the evidence did not comply with *Page 843 
rule 44 (i). That rule is adopted from sections 12-21-60
through 12-21-62 of the Code of Alabama (1975). It was held inGillespie v. Bartlett Byers, 211 Ala. 560, 100 So. 858
(1924), that a specific objection must be made especially raising a noncompliance with that evidentiary rule. The case further stated, in substance, that a general objection is insufficient to prevent the introduction into evidence of such an instrument even though there be nonconformity with that particular law of evidence. Here, the only objection which was made by the defendants when the contract was offered into evidence was "[a]nd reserve our exception — our objection to it." No objection was specifically stated which raised any issue that the testimony of the subscribing witness was not presented by the plaintiff. The trial court did not err in overruling that general objection to the introduction of the contract. Gamble, McElroy's Alabama Evidence § 426.01 (7) through (10), pp. 797-802 (3d ed. 1977).
After the plaintiff had rested, the trial court did not abuse its discretion in ordering that the case be reopened for the introduction of additional testimony. Chambers v. Burgess,50 Ala. App. 591, 281 So.2d 643 (1972); Ala. Code § 6-8-103 (1975). Neither did the trial court err in this nonjury case by asking numerous material questions of various witnesses without objection or exception thereto having been made or taken on the defendant's behalf. Chambers v. Burgess, supra; Baggett v.Baggett, 47 Ala. App. 539, 258 So.2d 735 (1972).
The last argument of the defendants is that the trial court should not have rendered judgment for a breach of the sales contract because no assets were transferred to the defendants as a consequence thereof. In legal substance, they complain of either a lack of consideration or of a failure of consideration, either of which is an affirmative defense. Rule 8 (c), A.R.Civ.P.; Ala. Code § 12-21-112 (1975). The only answer which was filed by the defendants was a general denial. Having failed to affirmatively plead those consideration matters, such defenses were waived by the defendants unless they were otherwise properly presented. Robinson v. Morse,352 So.2d 1355 (Ala. 1977). Since evidence relating to those unpleaded defenses was introduced at the trial without objection, we treat them as having been correctly raised. Rule 15 (b), A.R.Civ.P. Nevertheless, there was evidence that at least one tangible asset was owned by the business and that it was expected by all concerned that the commercial undertaking would be profitable, which is also indicative that the partnership had some good will. A question of fact was thus presented for decision by the trial court. That determination was rendered and entered only after a contested ore tenus trial before the circuit court. The final judgment is presumed to be correct and is not disturbable on appeal since it was not palpably wrong and was supported by credible evidence. Davis v.Miller, 352 So.2d 1357 (Ala. 1977).
Having found no error as to any issue raised on appeal, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.