BRADLEY, Judge.
Defendants, Tommy Daniels and National Security Fire and Casualty Company, appeal from a judgment in favor of plaintiff, John Turner, in the amount of $6,000.
John Turner was involved in an automobile accident in which his 1981 Toyota Corolla was damaged. National Security Fire and Casualty Company (National Security), through its adjuster, Tommy Daniels, suggested that Turner obtain bids for the repair of the vehicle. Bids ranging from $1,862.84 to $1,172.37 were obtained and the low bidder, Royal Oldsmobile, Inc. (Royal), was selected to do the repairs.
When Turner picked up his car at Royal, he was told that the repairs had been completed but that “it was not right” and that “it should have a new quarter panel put on.” Turner, however, accepted the car from Royal and later determined that his car had not been properly repaired. He then obtained bids from two body shops to correct the problems with his car. The highest of these bids was $1,695.50.
Not being able to persuade National Security to pay for the additional repairs to his vehicle, Turner filed this action. The complaint was for breach of contract and fraud. After a jury trial a verdict in the amount of $6,000 plus interest was rendered in favor of Turner for breach of contract.
National Security and Daniels filed a motion for judgment n.o.v. or, in the alternative, for a new trial or a remittitur. Motion denied. National Security and Daniels appeal.
The sole issue here is whether the verdict and judgment are excessive and unsupported by the evidence.
*979 “[T]he measure of damages for injury to personal property is generally the difference in the reasonable market value immediately before and after the injury. Crump v. Geer Brothers, Inc., 336 So.2d 1091 (Ala.1976); Fuller v. Martin, 41 Ala.App. 160, 125 So.2d 4 [Ala.Ct.App.1960]. The owner of property is qualified to state his opinion as to value before and after injury. Chambers v. Burgess, 50 Ala.App. 591, 281 So.2d 643 [Ala.Civ.App.1972]; Parker v. Muse, 47 Ala.App. 84, 250 So.2d 688 [Ala.Civ.App.1971]. Evidence of the cost of repairs is a factor which the trier of fact is authorized to consider in determining the true measure of damages. Arrick v. Fanning, 35 Ala. App. 409, 47 So.2d 708 [Ala.Ct.App.1950], Additionally, whether it is possible to restore the automobile, through repair, to as good condition as before the injury, is relevant to the question of damages. Donaldson v. Foreman, 213 Ala. 232, 104 So. 406 (1925). The cost of repairs alone, however, is not the measure of damages. Winn-Dixie Montgomery, Inc. v. Holt, 57 Ala.App. 499, 329 So.2d 556 [Ala.Civ.App.1976],
“On a question of fact, the finding of the trial court is presumed to be correct. Adams Supply Company v. United States Fidelity & Guaranty Company, 269 Ala. 171, 111 So.2d 906 (1959). Having the standing of a jury verdict, such finding will not be set aside on appeal unless, after allowing all reasonable inferences in favor of its correctness, there exists in the record such a preponderance of evidence against it that this court must find it palpably wrong and unjust. Ingram v. Bank of Brewton, 340 So.2d 815 (Ala.Civ.App.1976).”
Sunshine Homes v. Hogan, 408 So.2d 149 (Ala.Civ.App.1981).
Turner, the owner of the vehicle, testified that the value of his car just before the accident was $8,900 and its value just after the accident was $5,000. He later testified that the car’s value after it had been repaired by Royal was $6,000. The testimony as to the before and after value of the vehicle is undisputed.
There is evidence in the record that the repairs made by Royal were not properly done and additional repairs were needed to restore the vehicle to its former condition. The highest estimate of cost for this to be done was about $1,700.
The testimony was consistent to- the effect that the car had not been properly repaired and that additional repairs were needed to restore it to its former condition. The evidence is also consistent to the effect that the car could be restored to its former condition with the proper repairs being made to it.
The difference in the before and after value of the car of $3,900 represents the largest amount of damages suffered by the owner. The cost of repairs to restore the vehicle to its condition before the accident, as reflected by the evidence and including the repairs made by Royal, did not exceed $3,000. Therefore, the evidence does not support a verdict in excess of $3,900; yet the jury returned a verdict of $6,000. The inescapable conclusion is that the verdict is excessive, and cannot stand.
The judgment of the trial court is affirmed conditioned upon the plaintiff filing in this court within fourteen days of this opinion a remittitur in the amount of $2,100, which would give plaintiff a judgment for $3,900; otherwise the judgment of the trial court is reversed and the cause remanded for a new trial. § 12-22-71, Code 1975.
AFFIRMED CONDITIONALLY.
WRIGHT, P.J., and HOLMES, J., concur.