CRAWLEY, Judge.
Tonya Reynolds Cotney and Caleb M. Reynolds[1] (hereinafter jointly referred to as “the plaintiffs”) appeal from the trial court’s denial of their motion for a new trial and from the trial court’s grant of a motion in limine filed by Erica Nicole Vines. Vines cross-appeals from the trial court’s denial of her motion for costs. We reverse and remand as to the plaintiffs’ appeal.
On May 19, 1999, the plaintiffs sued Vines, seeking damages for injuries they allegedly sustained as a result of an automobile accident. The plaintiffs sought compensatory damages for past and future medical expenses, past and future lost wages and income for Cotney, past and future pain and suffering, mental anguish and emotional distress, and damage to Cotney’s automobile, caused by Vines’s alleged negligence; the plaintiffs also sought punitive damages for Vines’s alleged wanton conduct in causing the accident. A jury trial on the plaintiffs’ claims began on September 17, 2001. On September 18, 2001, at the close of the plaintiffs’ case, Vines filed a motion for a directed verdict. The trial court granted Vines’s motion as to the plaintiffs’ wantonness claim, but denied it as to their negligence claim. On that same day, the jury returned a verdict in favor of the plaintiffs in the amount of $2,838.80. On September 20, 2001, the trial court entered a judgment on the jury’s verdict.
On October 17, 2001, the plaintiffs filed a motion for a new trial or, in the alternative, a motion for additur, arguing (1) that the damages the jury had awarded were inadequate and (2) that Vines had violated the trial court’s grant of a motion in limine filed by the plaintiffs when Vines introduced evidence of a separate lawsuit in which Cotney was involved. On October 19, 2001, Vines filed a motion for costs pursuant to Rule 68, Ala. R. Civ. P. Attached to that motion was a May 4, 2000, offer of judgment to the plaintiffs in the *245 amount of $11,000, the trial court’s September 20, 2001, judgment on the jury’s verdict, an affidavit by the defendant’s counsel, and a listing of the costs incurred by Vines. On October 31, 2001, Vines filed a response to the plaintiffs’ postjudgment motion.
The trial court conducted a hearing on the plaintiffs’ postjudgment motion and Vines’s motion for costs on December 18, 2001; it denied both motions that same day. The plaintiffs and Vines filed timely notices of appeal to this court on January 24, 2002, and February 6, 2002, respectively. On appeal, the plaintiffs argue (1) that the trial court erred by denying their motion for a new trial because the jury had awarded inadequate damages and (2) that the trial court erred in granting a motion in limine filed by Vines that precluded Cotney from testifying as to the value of her vehicle both before and after the accident. In her cross-appeal, Vines argues that the trial court erred by denying her motion for costs.
We first address the plaintiffs’ argument that the trial court erred in granting a motion in limine filed by Vines that precluded Cotney from testifying as to her automobile’s reasonable market value before and after the accident. Vines’s motion in limine sought, in part, that Cotney not be permitted to testify concerning her automobile’s value because she had been unable to state its value during her deposition testimony. Vines asserts that the trial court never ruled upon her motion in limine; however, our review of the record shows that the trial court effectively granted the motion at trial when it sustained an objection made by Vines based upon the motion when Cotney was asked the amount her automobile had decreased in value as a result of the accident.
Because this issue concerns an issue of law, we review the trial court’s ruling de novo. See Ellison v. Green, 775 So.2d 831, 832 (Ala.Civ.App.2000) (“Because this appeal raises only issues of law, this court reviews the case de novo and affords no presumption of correctness to the trial court’s decision regarding the application of the law to the facts.”) (citing Crimson Indus., Inc. v. Kirkland, 736 So.2d 597 (Ala.1999)). This court has stated:
“It is well settled in this state that the measure of damages for injury to personal property is generally the difference in the reasonable market value immediately before and after the injury. Crump v. Geer Brothers, Inc., 336 So.2d 1091 (Ala.1976); Fuller v. Martin, 41 Ala.App. 160, 125 So.2d 4 (1960). The owner of property is qualified -to state his opinion as to value before and after injury. Chambers v. Burgess, 50 Ala.App. 591, 281 So.2d 643 (1972); Parker v. Muse, 47 Ala.App. 84, 250 So.2d 688 (1971).”
Sunshine Homes v. Hogan, 408 So.2d 149, 151 (Ala.Civ.App.1981).
Vines argued that Cotney should be precluded from testifying about the reasonable market value of her automobile at trial because she had been unable to state its value before the accident during her deposition testimony. We find this reasoning unpersuasive because Cotney could have educated herself and formed an opinion concerning the automobile’s value after her deposition testimony. As stated in Sunshine Homes, supra, Cotney was qualified to state her opinion as to her automobile’s value before and after the accident. This was the proper measure of her damages relating to her automobile and she should have been allowed to present her opinion to the jury. Accordingly, we reverse the trial court’s judgment and remand for it to grant Cotney a new trial and for proceedings consistent with this opinion. Our ruling as to this issue makes *246 consideration of the remaining issues presented in the plaintiffs’ appeal and Vines’s cross-appeal unnecessary.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.

. Caleb Reynolds, Cotney's son, sued by and through Cotney.