[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 957 
This appeal concerns the proper measure of damages with respect to an already damaged automobile that suffers further damage as a result of a tortfeasor's wrongful conduct.
In March 2003, John Lary sued Daniel Thomas Gardener and his automobile-liability insurer, Farm Bureau Insurance Company of N.C., Inc. ("Farm Bureau"), alleging that Gardener had negligently caused or allowed a motor vehicle to collide with Lary's 1991-model Lexus LS 400 automobile, causing physical damage to Lary's automobile. In addition to seeking damages from Gardener based upon his alleged negligence, Lary sought damages from Farm Bureau on the theory that that insurer had acted in bad faith in failing to investigate the automobile collision and in failing to pay liability benefits under Gardener's policy. Gardener answered the complaint and denied liability to Lary; Farm Bureau filed a motion to dismiss, alleging that Lary could not assert a bad-faith tort action directly against a tortfeasor's insurer and citing, among other cases, Hicks v.Alabama Pest Services, Inc., 548 So.2d 148 (Ala. 1989). The trial court entered a judgment in favor of Farm Bureau on June 30, 2003, and simultaneously directed the entry of a final judgment as to all claims against Farm Bureau pursuant to its authority under Rule 54(b), Ala. R. Civ. P.[1]
In February 2004, Gardener filed a motion for a summary judgment. In that motion, Gardener contended, based principally upon the pleadings and certain interrogatory responses given by Lary, that there was no genuine issue of material fact and that Gardener was entitled to a judgment *Page 958 
as a matter of law. Specifically, Gardener asserted that Lary had admitted under oath in his interrogatory responses that his Lexus automobile "had no value immediately prior to" its collision with Gardener's vehicle and that it "had no value immediately after" that collision; Gardener argued, based upon those claimed admissions, that Lary had not suffered an injury in fact so as to confer standing to sue. In contrast, the interrogatory responses relied upon by Gardener, which were attached as an exhibit to Gardener's summary-judgment motion, indicate that in Lary's opinion the 1991 Lexus had "no market value" (emphasis added) before or after the collision.
On March 18, 2004, Lary filed a number of documents. First, Lary filed an amended complaint adding a claim of wantonness against Gardener. Lary also filed an amendment to his previous interrogatory responses in which he asserted that the 1991 Lexus had been damaged by flooding before the collision made the basis of his claims against Gardener and that, therefore, "the value of [his] Lexus at the time it was damaged by [Gardener] . . . cannot be so easily determined as could be the value of" a similar automobile that had not suffered such damage. Finally, Lary filed an affidavit setting forth the facts of the collision and noting that Farm Bureau's appraisal of the damage to Lary's Lexus, which, Lary contended, did not account for all of the damage to the Lexus resulting from the collision, had determined that to repair the Lexus would cost $2,911.17. Lary subsequently filed a brief in opposition to Gardener's summary-judgment motion.
In response to Lary's filings, Gardener filed a reply brief. In addition to asserting the original interrogatory responses as a basis for entering a summary judgment, Gardener contended that Lary had taken an inconsistent position concerning the value of the Lexus in litigation with his own automobile-insurance company, Valiant Insurance Company. In that litigation, which spawned two appeals to this court (see Lary v. Valiant Ins.Co., 864 So.2d 1105 (Ala.Civ.App. 2002), cert. denied,864 So.2d 1111 (Ala. 2003), and Lary v. Valiant Ins. Co. (No. 2030279, March 19, 2004), ___ So.2d ___ (Ala.Civ.App. 2004) (table)), Lary contended that two of his automobiles, including his Lexus, had been damaged by flooding and that his insurer should pay him benefits under his automobile-insurance policy on the basis that the two vehicles were total losses. Copies of pertinent pleadings and other papers filed in that litigation were attached to Gardener's reply brief. The trial court granted Gardener's motion and entered a summary judgment on April 12, 2004. Lary filed a notice of appeal to this court on May 20, 2004.
Our de novo review of the trial court's summary judgment is governed by principles recently reiterated by the Alabama Supreme Court in Valentine v. Watters, 896 So.2d 385 (Ala. 2004). Those principles are: (1) that an appellate court is to utilize the same standard as the trial court in determining whether the evidence before it made out a genuine issue of material fact and whether the movant was entitled to judgment as a matter of law; (2) that it is the movant's burden to make a prima facie showing that there is no genuine issue of material fact; (3) that the movant may satisfy that burden of production by submitting affirmative evidence negating an essential element of the nonmovant's claim or by demonstrating that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim; and (4) that appellate review is further subject to the caveat that the record must be viewed in a light most *Page 959 
favorable to the nonmovant and all reasonable doubts must be resolved against the movant. 896 So.2d at 389-90.
The pertinent question in this appeal is clear: Did Gardener, as he claims, negate an essential element of Lary's negligence and wantonness claims, or demonstrate a fatal insufficiency of the evidence to support those claims, by adducing evidence that Lary had suffered no damage measurable by reference to market values? We must answer that question in the negative in light of Alabama caselaw concerning damages. It is true, as Gardener has asserted, that Alabama adheres to the general principle that one measures damages where personal property has been damaged by calculating the difference between the reasonable market value of the property immediately before it was damaged and the reasonable market value immediately after it was damaged. E.g., SunshineHomes v. Hogan, 408 So.2d 149, 151 (Ala.Civ.App. 1981); 1Alabama Pattern Jury Instructions — Civil, Instruction 11.23 (2d ed. 1993).
However, it is well settled that the foregoing generalprinciple is not the sole applicable legal precept. In Hannahv. Brown, 400 So.2d 410 (Ala.Civ.App. 1981), this court considered whether a plaintiff, whose automobile had been damaged in a collision with the defendant's motor vehicle, was entitled to recover the "before and after" market value of his automobileplus the reasonable rental value of a replacement automobile during the reasonable time for repairing the plaintiff's automobile. We concluded that both were recoverable as damages and reversed a judgment awarding a lesser sum as damages. Although we noted the general "before and after" rule of recovery in Hannah, and commented that that rule was "perhaps considered generally by the practicing bar and the nisi prius courts as a limitation of recovery," we rejected that interpretation, stating that the "before and after" rule was "subject to the primary and basic principle that it is the purpose of the law to fairly compensate the injured for the wrong committed."400 So.2d at 410. Our view in Hannah that the "before and after" rule is subject to limitations has since been approved by the Alabama Supreme Court. See Alford v. Jones, 531 So.2d 659, 660-61 (Ala. 1988).
Although not every item of personalty that is capable of being damaged as a result of another's tortious conduct has an established market value, a tortfeasor is not discharged of liability simply by the absence of such a value:
 "The general rule establishing market value as a measure of value of personal property is not absolute and the courts are agreed that the absence of a market value for property injured or destroyed will not remit the owner to nominal damages only. In such a situation the courts will consider such other relevant facts and circumstances as determine the amount necessary to compensate the plaintiff. However, it is to be observed that this rule does not relieve the plaintiff of his burden of offering evidence showing that he has been damaged and the extent or amount of his loss, since the court will not base an award upon mere speculation. Southern Express Co. v. Owens, 146 Ala. 412, 41 So. 752, 8 L.R.A., N.S., 369 [1906]; Kates Transfer Warehouse Co. v. Klassen, 6 Ala.App. 301, 59 So. 355 [1912]; Sarkesian v. Cedric Chase Photographic Laboratories, Inc., 324 Mass. 620, 87 N.E.2d 745, 12 A.L.R.2d 899, notes 906, 909 [1949].
 "The plaintiff, in the absence of evidence showing market value, may prove other factors of value such as the value of the property to him. Birmingham Ry. L. P. Co. v. Hinton, 157 Ala. 630, 47 So. 576
[1908]; Cooney v. Pullman *Page 960 Palace-Car Co., 121 Ala. 368, 2[5] So. 712, 53 L.R.A. 690 [1898]; Buerger v. Mabry, 15 Ala.App. 241, 73 So. 135 [1916]."
White v. Henry, 255 Ala. 7, 10, 49 So.2d 779, 781-82 (1950). To like effect is Southern Express Co. v. Owens, 146 Ala. 412,41 So. 752 (1906):
 "Ordinarily, where property has a market value that can be shown, such value is the criterion by which actual damages for its destruction or loss may be fixed. But it may be that property destroyed or lost has no market value. In such state of the case, while it may be that no rule which will be absolutely certain to do justice between the parties can be laid down, it does not follow from this, nor is it the law, that the plaintiff must be turned out of court with nominal damages merely. Where the article or thing is so unusual in its character that market value cannot be predicated of it, its value, or plaintiff's damages, must be ascertained in some other rational way, and from such elements as are attainable."
146 Ala. at 426, 41 So. at 755-56. Accord, Restatement (Second)of Torts, §§ 911, 928 (1979); see generally W.E. Shipley, Annotation, "Measure of Damages for Conversion or Loss of, or Damage to, Personal Property Having No Market Value," 12 A.L.R.2d 902 (1950).
In this case, Lary's Lexus was clearly not an undamaged vehicle when it was struck by Gardener's automobile. As we noted in Laryv. Valiant Insurance Co., 864 So.2d at 1108, Lary's insurer ultimately concluded that the Lexus was rendered a total loss,i.e., that further repair attempts would cost more than any value the Lexus might have had, as a result of flooding that took place before the collision involving the Lexus and Gardener's vehicle.[2] Apparently because of the status of the Lexus as a "total loss" after incurring flood damage, Lary opined in his original interrogatory responses that the Lexus had no market value immediately before or after the collision with Gardener's automobile.
However, under White and Southern Express, Lary's initial admission that the Lexus had no "market value" does not, in and of itself, defeat Lary's entitlement to an award of damages. Thus, Gardener's reliance upon that admission cannot be said to have negated an essential element of Lary's claims or to have demonstrated that Lary's evidence was insufficient to establish an essential element of his claims, as would be required under the appropriate standard of review for the burden to shift to Lary to adduce substantial evidence of damages. See Valentine,896 So.2d at 389. Even if Lary's initial admission had amounted to such a prima facie showing, however, Lary's subsequent evidentiary submissions in opposition to Gardener's summary-judgment motion indicate that somewhat more than $2,911 would have been required to repair the Lexus to the damaged, yet operable, state that that automobile was in at the time of the collision. As we noted in Sunshine Homes, supra, such "[e]vidence of the cost of repairs is a factor which the trier of fact is authorized to consider in determining the true measure of damages." 408 So.2d at 151. We thus conclude that the trial court's summary judgment cannot be affirmed on the basis that Lary suffered no injury in fact.
As a final note, we observe that Gardener, although not directly challenging Lary's standing to sue, contends in his appellate brief that allowing Lary's *Page 961 
action to proceed would "risk . . . effecting a double recovery or unjust enrichment." In the second appeal arising from Lary's dispute with his insurer, Lary v. Valiant Insurance Co. (No. 2030279, March 19, 2004), ___ So.2d ___ (Ala.Civ.App. 2004) (table), we affirmed a judgment directing Lary to surrender the title to, as well as directing him to transfer the physical custody of, the Lexus to his insurer. Although it might seem that Lary's right to seek damages from Gardener as a result of the collision that damaged the Lexus should have terminated upon Lary's having lost the right to further possession of the Lexus, under Alabama law the divestment of a plaintiff's right of possession as to a particular chattel does not prevent the plaintiff from maintaining a pending action seeking damages for injury to that chattel "against a wrongdoer who is unconnected with the legal title to the chattel." Smith v. Louisville N.R.Co., 208 Ala. 440, 442, 94 So. 489, 491 (1922). Whether Lary's insurer, in equity and good conscience, may ultimately be entitled to recover from Lary any portion of the damages he might recover from Gardener as a result of the damage to the Lexus sustained in the collision is immaterial to whether Gardener must respond in damages as a result of any negligent or wanton conduct on his part giving rise to that collision.
The summary judgment in favor of Gardener is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and BRYAN, J., concur.
THOMPSON and MURDOCK, JJ., concur in the result, without writing.
[1] Although Lary has asserted in his briefs to this court that that judgment, and the direction of the entry of a final judgment pursuant to Rule 54(b), were erroneous, his challenges are untimely because he did not file a notice of appeal with respect to that judgment within 42 days of its entry. See Bagley v.Mazda Motor Corp., 864 So.2d 301, 315-17 (Ala. 2003) (holding that an appeal taken after the entry of a judgment disposing of all remaining claims and parties was ineffective to secure appellate review of a judgment entered pursuant to Rule 54(b) several years beforehand, despite the contention that the Rule 54(b) certification had been improper).
[2] An umpire appointed to resolve disputes between Lary and his insurer concerning the amount of loss covered by Lary's policy concluded that the Lexus had a salvage value of $1,000.See Lary v. Valiant Ins. Co., 864 So.2d at 1107, 1109.