BRYAN, Judge,
concurring in part and dissenting in part.
I concur in the main opinion insofar as it affirms the judgment entered on the jury-verdict; however, I dissent from the main opinion insofar as it dismisses the appeal with respect to the summary judgment in favor of Ed Briggs Mechanical Contractors, Inc. (“EBMC”).
The main opinion dismisses the appeal with respect to the summary judgment in favor of EBMC on the rationale that Allen is precluded from challenging the validity of the trial court’s certification of that summary judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., because he did not appeal that summary judgment within 42 days after it was certi *907 fied as a final judgment by the trial court. In support of that holding, the main opinion cites Bagley v. Mazda Motor Carp., 864 So.2d 301 (Ala.2003), and Lary v. Gardener, 908 So.2d 955 (Ala.Civ.App.2005). I disagree with the main opinion’s holding because Allen’s challenge, if meritorious, would mean that the summary judgment was not validly certified and, therefore, did not become a final, appealable judgment until the trial court entered a judgment on the jury verdict. Hence, if Allen’s challenge of the Rule 54(b) certification is meritorious, his appeal is timely with respect to the summary judgment in favor of EBMC, and we should address its merits.
Allen argues that the trial court exceeded its discretion in certifying the summary judgment in favor of EBMC because, he says, issues involved in the claims against EBMC were so intertwined with issues involved in the claims against Gerald Thomas Briggs that separate adjudications of those claims posed an unreasonable risk of inconsistent results. When a trial court exceeds its discretion by certifying a summary judgment as a final judgment despite the fact that the claim adjudicated by the summary judgment involves issues that are so intertwined with issues involved in a claim that remains pending that separate adjudications of those claims would pose an unreasonable risk of inconsistent results, the summary judgment so certified is not a final judgment and will not support an appeal. See Schlarb v. Lee, 955 So.2d 418, 420 (Ala.2006) (holding that “[t]he trial court exceeded its discretion in certifying [a] partial summary judgment [adjudicating two of the plaintiffs three claims] as [a] final [judgment]” because issues involved in those two claims were so intertwined with issues involved in claim that remained pending in the trial court that separate adjudications would pose an unreasonable risk of inconsistent results and dismissing the appeal from the partial summary judgment because “ ‘[a] nonfinal judgment will not support an appeal’”). Thus, if Allen is correct in his argument that the trial court exceeded its discretion in certifying the summary judgment in favor of EBMC as a final judgment pursuant to Rule 54(b) because issues involved in the claims against EBMC were so intertwined with issues involved in the claims against Gerald Thomas Briggs that separate adjudications of those claims posed an unreasonable risk of inconsistent results, the summary judgment did not become a final judgment as a result of the trial court’s invalid certification, see Schlarb, and, therefore, the 42-day period for appealing it did not begin to run until the trial court entered a judgment on the jury verdict.
Neither Bagley nor Lary mandate a different result. In Bagley, the supreme court held that the Bagley’s failure to timely appeal a partial summary judgment that was validly certified as a final judgment pursuant to Rule 54(b) was not excused by the Bagley’s erroneous belief that the trial court’s failure to list the factors it had considered in. certifying the judgment affected the validity of the certification. The supreme court pointed out that the case that had held that a trial court was required to list the factors it had considered in certifying an interlocutory judgment as a final judgment pursuant to Rule 54(b), Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996), had been overruled by the supreme court in Schneider National Carriers, Inc. v. Tinney, 776 So.2d 753, 755 (Ala.2000), and that, in any event, Bronm had not held that the failure of the trial court to list the factors it considered in certifying the interlocutory judgment as a final judgment pursuant to Rule 54(b) affected the finality of the judgment. See Bagley, 864 So.2d at 316:
“Brown provided that if the trial court failed to list the factors considered in *908 certifying a judgment as final pursuant to Rule 54(b), the case would be remanded for the trial court to list the factors. The approach advocated in Brown was not reasonably subject to the constniction that the court’s order was not a final, appealable order because it lacked certain phraseology; in order for the , case properly to be remanded, rather than the appeal’s just being dismissed, the judgment would have to be one that would support an appeal.”
(Emphasis added.) Thus, Bagley does not require that we dismiss Allen’s appeal with respect to the summary judgment in favor of EBMC, because the challenge to the certification in Bagley, even if meritorious, would not have deprived the partial summary judgment of finality and, therefore, the appeal was untimely with respect to the partial summary judgment regardless of the merits of the challenge to the certification. In the case now before us, on the other hand, Allen’s challenge to the trial court’s certification of the summary judgment in favor of EBMC, if meritorious, would deprive that summary judgment of finality and would render his appeal timely with respect to that summary judgmént.
In Lary, Lary sued Gardener for negligently causing an automobile accident that damaged Lary’s automobile and sued Gardener’s liability-insurance carrier for allegedly acting in bad faith by failing to investigate the automobile accident and by failing to pay liability benefits under Gardener’s policy to Lary. The trial court entered a summary judgment in favor of Gardener’s liability-insurance carrier. Lary did not appeal that summary judgment within 42 days after it was certified as a final judgment. This court held that Lary’s failure to timely appeal the summary judgment in favor of Gardener’s liability-insurance carrier precluded Lary from challenging the validity of the Rule 54(b) certification on appeal. Although this court did not expressly state the ground upon which Lary challenged the Rule 54(b) certification, it is apparent from the opinion that Lary did not have a valid challenge to the Rule 54(b) certification on the ground that issues involved in his bad-faith claims against Gardener’s liability-insurance carrier were so intertwined with issues involved in his negligence claim against Gardener that separate adjudications would pose an unreasonable risk of inconsistent results — the dispositive issue with respect to Lary’s bad-faith claims was whether he had an insurance contract with Gardener’s liability-insurance carrier that would impose a duty on Gardener’s liability-insurance carrier to act in good faith in its dealings with Lary, see Hicks v. Alabama Pest Servs., Inc., 548 So.2d 148, 150 (Ala.1989) (holding that trial court did not err in entering a summary judgment with respect to the plaintiffs bad-faith claims because there was “absolutely no evidence that [the plaintiff] had an insurance contract with any defendant”), while the issues involved in Lary’s negligence claim against Gardener were whether Gardener negligently operated his automobile and, if so, whether his negligence proximately caused the damage to Lary’s automobile. Thus, Lary does not stand for the proposition that an appellant is precluded from challenging a trial court’s certification of an interlocutory judgment as a final judgment pursuant to Rule 54(b) on the ground that issues involved in the claims adjudicated by the interlocutory judgment are so intertwined with issues involved in claims that remained pending that separate adjudications posed an unreasonable risk of inconsistent results unless the appellant appealed the interlocutory judgment within 42 days after it was certified as a final judgment.
Accordingly, because the summary judgment in favor of EBMC did not become a *909 final, appealable judgment upon its certification as a final judgment pursuant to Rule 54(b) if Allen’s challenge to that certification is meritorious, see Schlarb, and, hence, his appeal would be timely with respect to that summary judgment if his challenge to that certification is meritorious, id., I would address the merits of Allen’s challenge to the validity of the Rule 54(b) certification of the summary judgment in favor of EBMC and, if it were determined that that certification was invalid, I would address the merits of Allen’s challenge to the summary judgment in favor of EBMC.